## Horace Tupper, Administrator, Etc., v. John Kilduff.

*Promissory note: Consideration: Bona fide holder: Notice: Evidence.* Where the defense of want of consideration, with notice, is set up against one who claims to be a *bona fide* holder of a promissory note, it is not competent, after having shown that the plaintiff, before buying the notes, consulted an attorney on the street as to their being collectable, to show, by an affidavit of such attorney on file, and by the plaintiff's counsel, the value of the advice so obtained, in order that the jury may infer that the plaintiff contemplated litigation; such evidence is too remote and ambiguous in regard to the inferences to be rationally drawn from it.

*Promissory note: Fraudulent alteration: Evidence.* Where, in an action upon a promissory note, after a default has been set aside and one trial has resulted in a disagreement of the jury, the defense of fraudulent alteration as to rate of interest, is set up for the first time on the second trial, it is competent to read the affidavit of the defendant upon which the default was opened, and the plea then put in, as having some tendency to show that the new defense was an after-thought and purely fictitious.

*Requests to charge: Evidence: Presumption.* It will not be presumed for the purpose of holding the rejection of a request to charge to be erroneous, that evidence which the request assumes had been given, but of which the record furnishes no indication, was in fact so given.

*General exception to entire charge.* A single exception to an entire charge composed of distinct propositions, some of which are unobjectionable, cannot be made available to reach those which are objectionable.\*

*Assignment of error must be specific.* An assignment of error which points to the whole of such a charge is too general to be considered.

*Amendments: Terms: Discretion.* Where after one trial, the court, in the exercise of its discretion, has permitted the defendant on his own application to amend his plea, and add an affidavit denying the execution of the notes sued upon, on condition that he should stipulate that the amendment should have no other effect than to prevent the recovery of interest between the date and the maturity of the notes, unless the jury should find that the plaintiff had notice of the forgeries when he purchased, and the defendant has accepted such permission, and complied with the condition without objection, his administrator afterwards prosecuting the suit in his behalf on error, will not be heard to complain of the terms thus imposed.

*Heard January 10.    Decided January 14.*

Error to Bay Circuit.

*William Jennison,* for plaintiff in error.

*John McNamara* and *McDonell & Cobb,* for defendant in error.

---

\* See *Danielson v. Dyckman, supra, p. 169,* and *Mandigo v. Mandigo, supra, p. 349.*

GRAVES, J.

The defendant in error claimed to be the holder of two promissory notes made by the decedent, who was defendant below, on the 23d and 24th of March, 1870, and payable to the order of McKinney & Co., at the First National Bank of Bay City, at sixty and ninety days after date respectively, and carrying interest at ten per cent.; and he brought suit upon them against Willey by declaration containing copies. A judgment by default was taken, and subsequently set aside upon an affidavit of Willey, containing certain facts to excuse his default and representing also in the usual way, that he had fully and fairly stated the case to his counsel, and been advised by him after such statement, that he had a good and substantial defense upon the merits.

The affidavit contained no intimation that the notes had been tampered with. A plea of the general issue was then interposed, but unaccompanied by any affidavit questioning the authenticity of the notes; and the cause was tried on the issue so formed, and the jury disagreed. Thereafter Willey claimed that the words, "ten per cent. interest," were forged interpolations, and he applied to the court for leave to amend his pleading, and to be allowed to append his affidavit denying the execution of the notes; and the court allowed him to do so upon condition that he should stipulate that the amendment should have no other effect than to prevent the plaintiff from recovering interest for the time between the date of the notes and their maturity, unless the jury should find as a fact that the plaintiff had notice of the forgeries when the notes were negotiated. No objection appears to have been taken to the terms of this order, and the stipulation contemplated by its condition, was regularly made and filed. The cause was thereupon again tried and the jury found for the plaintiff below.

The first ground of defense was, that the notes were made without consideration, and for the accommodation of McKinney & Co., and to enable them to start in business, and that Robert McKinney of that firm passed them to one Michael Kilduff, a partner of the plaintiff below, to be applied on an indebtedness of Robert McKinney to Michael Kilduff, and were thus used in violation of the arrangement under which they were made, and that the plaintiff below bought them with notice of the circumstances. The second ground of defense was, that the notes had been fraudulently altered as to the rate of interest.

The jury, in response to requests under the statute to find specially as to certain facts, found that the notes were not accommodation notes as alleged by the defense, and that they had not been altered as represented, without Willey's consent. They also found that the plaintiff below paid the full amount of the notes as the purchase price, including the last payment in the middle of June, 1870, and that he had no knowledge of the facts connected with the giving of the notes, before he obtained them, about the 13th of May, 1870. Neither of the notes matured until some time after that date. Granting, for this case, that the facts indicated by the first ground would, if established, constitute a defense, it is seen, however, that the findings by the jury negative the facts, and it is also seen that they negative the second ground of defense.

Unless, then, the court in admitting or rejecting evidence, or in directing, or refusing to direct the jury in relation to these subjects, committed some error, to the prejudice of the defendant below, the judgment cannot be disturbed for any thing which occurred on the trial.

The defendant below having shown that, before buying the notes, the plaintiff below consulted one John McNamara, an attorney, on the street, to ascertain if he could collect them, offered to show by an affidavit of the said McNamara

on file, and by Mr. McDonell, the counsel for the plaintiff below, the value of the advice so obtained, in order that the jury might infer from the circumstances, that Kilduff contemplated litigation; and the evidence was excluded. The ruling was clearly right. If otherwise unobjectiona-· ble, the proposed evidence was too remote and ambiguous in regard to the inferences to be rationally drawn from it, to justify its admission.

Under the objection of the defendant below, the affidavit of Willey upon which the default was set aside, and the plea which was then put in, were allowed to be read to the jury. This was given as bearing upon the defense subsequently suggested, that the notes had been fraudulently altered; and it was competent in that view. It had some tendency to show that the new ground of defense was an after-thought, and purely fictitious.

The rejection of the proceedings in bankruptcy, though assigned as error, is very properly not urged as a ground for reversal. The exclusion of these proceedings was manifestly correct, and the point requires no comment.

The request to charge as preferred by the defendant below, was also properly refused. It assumed that evidence had been given of which the record furnishes no indication, and we cannot, for the purpose of making the ruling of the court erroneous, presume it to have been given.

The charge actually made, was directed to several distinct points, and was so framed as to guide the jury according as they should find any state of facts which the circumstances of the case allowed. Some portions of it were so clearly proper, that they were not objected to upon the argument. The exception, however, was a single one, to the whole charge, and the assignment of error is as broad and general as the exception. Such an exception, to an entire charge composed of distinct propositions, of which some are

good, cannot be made available to reach any which are bad; and we have frequently held that an assignment of error in this general form is not entitled to be considered.

The last objection relates to the order allowing the defendant below to amend, and add his affidavit denying the execution of the notes. He took the chance of one trial without such an affidavit, and then appealed to the discretion of the court, and asked leave to file one. It was quite within the power of the court, at the time of that application, to permit or refuse altogether, according as sufficient excuse or reason was or was not shown, for failure to make the affidavit at the proper time, or to permit upon terms, as the one or the other course appeared to be most conducive to justice on the showing made. And acting upon this view the court made the order upon the terms already mentioned, and these terms are now complained of. The objection urged may be variously answered. It is sufficient, however, to say that the order was made at the instance of the defendant below, and exclusively for his advantage; that he was quite at liberty to reject or accept it as he felt satisfied or dissatisfied with its provisions; and having accepted it, and taken the benefit of it, and having voluntarily complied with the terms, without any objection in the court below, so far as appears, it is hardly admissible for his administrator to now make it a ground of error in this court.

This disposes of all the questions presented, and as no error is shown, the judgment must be affirmed, with costs.

The other Justices concurred.