## Samuel A. Browne v. John R. Moore and another.

*Practice: Exceptions: Amendments.* The correctness of a ruling to which no exception was taken, allowing an amendment to be made to the notice of special defense annexed to the plea of the general issue, will not be reviewed on error.

*Amendments: Notice of special defense: Discretion.* The allowance of an amendment to the notice attached to a plea is within the discretion of the trial court, and not subject to review on error except where it is made to appear there has been an abuse of discretion.

*Fraudulent misrepresentations: Notice of defense: Scienter.* The defense of fraudulent misrepresentations is equally available under a notice stating the falsity of the representations, and that the plaintiff thereby deceived the defendant in a purchase, as under one stating in addition, precisely and technically, that the plaintiff knew the representations to be false when he made them; an allegation of scienter is unnecessary.

*Evidence: Farmer: Horses: Market value.* A farmer who swears that he is acquainted with the market value of horses is not an incompetent witness to prove the market value of a mare of common blood.

*Assignment of error construed: Rule of construction: Evidence: Market value: Opinion.* An assignment of error which complains of a witness having

BROWNE v. MOORE.

been allowed "to give his opinion of the value of the *alleged* thorough-bred mare, it not appearing that he had knowledge of the value of such animals," is ambiguous, and is construed, in analogy to the rule for construing ambiguous pleading, most strongly against the pleader, as objecting to the admission of the testimony as to the market value of the mare considered as of common blood, rather than to the admission of the testimony as to what her value would have been for breeding purposes had she been of the high pedigree ascribed to her.

*Charge to the jury: Questions of fact: Peremptory charge.* In an action upon a promissory note to which the defense is set up, that it was obtained by the plaintiff of the defendants by fraudulent misrepresentations on the sale of a mare by the former to the latter, where there was evidence tending to sustain this defense, and to show that the mare had been tendered back before the suit was brought, and that the damage arising from the alleged deceit greatly exceeded the amount of the note, it is not error to decline to grant a peremptory charge that the plaintiff was entitled to recover the amount of the note; such evidence raised questions which were proper to be submitted to the jury.

*Submitted on briefs June 11. Decided June 15.*

Error to Kent Circuit.

*Norris, Blair & Stone,* for plaintiff in error.

*Champlin, Butterfield & Fitzgerald,* for defendants in error.

GRAVES, CH. J:

In this action the defendants below prevailed.

The plaintiff in error sold to one or both defendants a mare, for the agreed consideration of five hundred dollars, and for one hundred and fifty dollars of such consideration the following note was given:

"GRAND RAPIDS, February 8, 1873.

"$150.00. On or before October first next, we, or either of us, promise to pay S. A. Browne, or order, one hundred and fifty dollars, for value received, with interest at ten per cent. per annum until paid.

"(Signed) JOHN R. MOORE, GEORGE I. MOORE."

The suit was brought upon this note, and the defendants pleaded the general issue, with a special notice setting up misrepresentations touching the breeding, purity of blood, pedigree and training of the mare, and as to her running qualities, and also setting up that Browne bound himself to

furnish a satisfactory pedigree, and warranted the mare in certain particulars.

The case was tried before a jury, and after the evidence was closed, the defendants' counsel withdrew the special notice which had been given, and was allowed by the court, against the objection of plaintiff's counsel, to substitute for the notice withdrawn, the following:

"We insist, and give notice, that the note to recover which the above entitled suit is brought is void, as fraudulently obtained by means of representations by the said plaintiff, that a certain mare was a thorough-bred mare, of good blood and pedigree, unbroken to harness, and of good disposition, *he well knowing that such representations were false at the time they were made, and which representations were made in the sale of said mare to the defendants."* Error is assigned upon the decision of the court allowing this change in the notice.

This objection is readily disposed of:

*First,* The ruling which allowed the amendment was not excepted to.

*Second,* In giving leave to change the notice, or rather to substitute the notice finally permitted for that which was originally attached to the plea, the court exercised a discretion, and such exercise could only be re-examined on writ of error, in case it should appear that the power was abused.— *Ripley v. Davis, 15 Mich., 75; Final v. Backus, 18 Mich., 218; Tupper v. Kilduff, 26 Mich., 394; Polhemus v. Ann Arbor Savings Bank, 27 Mich., 44.*

*Third,* The defense of fraudulent misrepresentation was equally admissible under either notice. The first suggested the misrepresentations, that they were false, and that the plaintiff deceived the purchaser, but it did not state precisely and technically that the plaintiff knew the representations were false when he made them. The second notice contained this statement. But no such particularity was necessary to authorize the proof. The office of a notice requires no such nicety, and the evidence could not have

been excluded under the first.—*Rosenbury v. Angell, 6 Mich., 508; McHardy v. Wadsworth, 8 Mich., 349; Cresinger v. Reed, 25 Mich., 450.*

In permitting the change, therefore, there was no abuse of discretion, or any substantial alteration caused in the state of the case, in regard to the right to evidence as to the alleged fraud.

The defendant John R. Moore was allowed, under objection, to testify to the market value of the mare, upon the hypothesis that she was not a blooded animal, and also to testify what she would have been worth for breeding purposes, upon the supposition of her pedigree being such as it was said the plaintiff agreed to show it. And in regard to this the plaintiff has assigned for error, that it was not competent to allow the witness "to give his opinion of the value of the *alleged* thorough-bred mare, it not appearing that he had knowledge of the value of such animals."

The allegation of error is somewhat equivocal. It is not very clear whether it was intended to be based on the admission of the testimony as to the value of the animal considered as a common blood, though "alleged" by the plaintiff to be a thorough-bred, or whether it was intended to be based on the admission of the testimony as to what her value would have been for *breeding purposes,* if of the high pedigree which it was said the plaintiff claimed for her. By analogy to the rule in pleading, it would be regular to resolve the difficulty arising from the ambiguity of the allegation of error, by construing the allegation itself most favorably for the party against whom it is made. And it so happens here that the operation of the rule agrees with that construction which upon the whole seems rather the most sensible without it. In view of the subject matter, and the whole phraseology of the charge of error, in view of the evidence afforded by its terms concerning its point of reference, it seems to be aimed at the admission of the testimony as to the market value of the mare considered as

32 MICH.—33.

of common blood, and without regard to any special quality for breeding, rather than to the admission of the testimony as to what her value would have been for breeding purposes if of the high pedigree ascribed to her, as was said by the plaintiff. The charge of error must therefore be taken as directed against the permission of testimony by the witness upon her value, given on the assumption of her being of base blood, and considered in this light, however it might be in the other, the charge of error is plainly unwarranted. The witness was a farmer, and he swore that he was acquainted with the market value of horses. Hence he was clearly competent to swear about the value of such a beast as this was thus assumed to be.

The plaintiff made two requests to charge, and they were in substance, that he was entitled to recover the amount of the note. Both were refused, and error is assigned therefor. The ruling was right. The defendants gave evidence having at least some tendency to show that the note was obtained by the plaintiff upon the false and fraudulent representations imputed by the defense, that the mare was tendered back before the suit was commenced, and that the damage arising from the alleged deceit greatly exceeded the face of the note and interest. With this evidence in the case the plaintiff was surely not entitled to a peremptory charge to find in his favor. It was proper matter of defense to be passed on by the jury under suitable instructions, and as no objection is raised to the charge actually given, we are to presume that the plaintiff had no complaint to make against the mode of submission to the jury, other than the refusal of the requests to give peremptory instructions to find in his favor. We have thus noticed all the charges of error, and find nothing to impeach the judgment, which should therefore be affirmed, with costs.

The other Justices concurred.