Laubie, J.
This is a proceeding in error, brought to reverse the judgment of the court below, obtained by Charles A. Garlick, against the executor, for services rendered by him to the decedent in her life-time, doing chores in and about the house, stable and premises daily, at irregular intervals during the day, and whenever called upon, but without any hiring by the day, or other specific time.
It is alleged that these services were rendered between the 23d day of May, 1886, and the 23d day of May, 1892, and that they were worth $1,200; that they were performed at the request of the decedent; that she had promised, to pay their value, and that the account had been presented to and rejected by the defendant.
Admitting the appointment of the defendant as executor, and that the account had been presented to him, and rejected, the defendant denied the other allegations of the petition.
There is but one question we design to notice in this record, and that is in regard to the charge of the court, upon the question of the plaintiff’s right to recover the value of these services. We have here presented a very interesting, if not a very difficult question, upon the decision of which we are divided, and the opinion is that of a majority of the court only.
It will be remembered that this was an action for services rendered in the capacity and character of a servant doing odd jobs about the house and premises of the decedent daily, and covering a period of more than six years prior to the commencement of the action. The allegation of the petition was, that they were of the reasonable worth and value of $1,200. The question presented is, whether it was necessary for the plaintiff to present evidence of the value of these services, by the opinion of witnesses. No witness in the case gave an opinion as to the value of the services, and the court charged the jury, in substance, that notwithstanding neither party produced a witness, or offered the evidence of any witness as to the value of these services, yet the jury might use their own *418 judgment,, observation and knowledge upon the subject, and award the plaintiff such compensation as they deemed reasonable.
In the origin of the jury system, the jurors were called from-the vicinage, and because of their knowledge or supposed knowledge of the facts involved in the dispute; and anciently the doctrine was that the evidence given in open court was not binding evidence to the jury.
While there has been a great change in the procedure and doctrine, jurors, in a measure, are still selected from the vicinage (the county), and being at least men of ordinary experience, observation and knowledge, they must, of necessity, have a general knowledge of the subjects of inquiry in most cases that come before them,; and they are presumed, if not required, to bring such qualities to bear upon the general subject of inquiry, especially where such'subject is the value of services, or property in general use or traffic, which is mainly matter of opinion. And this leads up to the question before us: Did the court err in instructing the jury that they might depend upon their own experience and knowledge in fixing the worth or value of plaintiff’s services, notwithstanding no witness had testified directly to such value?
The performance, nature and extent of the services had been proved, and it remained for the jury to fix upon such services a reasonable value; and that rested solely upon judgment, and was not a fact to be testified to by witnesses. There could not be a customary rate for such irregularly performed services, and there was no hiring by the day, week, month or year.
Witnesses called to testify to the value of services or goods, are called as experts upon their customary rate or market value, when they have a customary rate or fixed market value ; but if there is no customary rate, or fixed market value, they are called, not technically as experts, but as witnesses who may give their opinion of such worth or value because of possessing some peculiar knowledge of the subject—not that the jurors are presumed to have no knowledge of such values, *419 but that the witnesses are shown to have some superior knowledge of such values, at the place and time„in question, over that presumed to be possessed by ordinary men, or the jury. Indeed, in some of the states it is held that every man is presumed to have some knowledge of the value of articles in ordinary use, and may testify as to their value, although not engaged in buying and selling the kind of articles in question. Brown v. Moore, 32 Mich. 254; White v. Herman, 51 Ill. 243; Pa. R. Co. v. Bunnell, 81 Pa. St. 414; 5 A. & E. E. L. 65. And when it is permitted, in any case, it is not done to control the judgment of the jury, hutas an aid merely in estimating the amount. And when the jury determine the value — where there is no customary rate, or fixed market value — whether they act upon the estimates of the witnesses, or their own, it is a matter of opinion merely, and not one of fact.
In such case, where the nature and extent of the services are shown, as a basis for an estimate, the pertinent inquiry is : Why may not the jury estimate the value according to their own judgment, applying to its solution their observation, experience and knowledge of the subject of inquiry, whether witnesses have given their opinion or not? We think they may do so.
While this question has been but rarely presented, it was directly decided in the affirmative in Craig v. Durrett, 1 J. J. Mar. 366, S. C. 19 Amer. Dec. 103; Baum v. Winston, 3 Met. (Ky.), 127; Madden v. Porterfield, 8 Jones L. 166.
In Mattocks v. Lyman et al., 16 Vt. 113, the declaration contained counts in indeb. assumpsit for work and labor, goods sold and delivered, etc., and the court charged the jury, inter alia, that if they found there was no special contract, and that “the plaintiff, at the request of defendant, purchased for them a given quantity of wool, that the plaintiff was entitled to recover such sum as the services were reasonably worth, and that this sum might be fixed according to the time spent, or by allowing a reasonable commission on the wool pur *420 chased ; that it was the duty of the plaintiff to make the sum in damages, which he was entitled to recover, reasonably certain ; and that if they found a difficulty in the case in determining the amount the plaintiff should recover, it would not preclude his right of recovery, but they might allow him such sum as they deemed the services reasonably worth, but the uncertainty as to the amount should not be allowed to operate in favor of the plaintiff, but rather against him.”
There was no evidence of the money value of the services, and in the reviewing court, the second error assigned was: “The court erred in instructing the jury that the uncertainty in the plaintiffs testimony, as to the amount of his damages, would not preclude him from recovering; and also in leaving it for the jury to determine, on the general count, what would be a reasonable compensation, or commission, for the plaintiff, when no evidece was submitted on that point.” But the court, Redfield, J., p. 118, held : We do not perceive that the rule of damages laid down by the court was objectionable. If no special contract existed, then the plaintiff could recover as much as he deserved to have for his labor, and the quantum meruit must be estimated by the jury. This they might doubtless do by a per diem allowance, or by way of commission, or in any mode they judged proper.” (The last italics are my own.)
Parks v. Boston, 15 Pick. 209, was substantially an ordinary civil action, under their statute, for taking private property for widening a street. Formerly, the damages were assessed in such cases, upon view by a committee, and, upon appeal, by a “sheriff’s jury” in the court of sessions. In reviewing the case Shaw, C. J., said, “I cannot perceive why they [the committee and the sheriff’s jury, under the former practice] might not, in both cases, have estimated the damages upon their own experience and judgment, without any evidence aliunde, though they might be at liberty to enlighten their own judgments by the aid of testimony ; * * * and there seems to be no substantial difference established by *421 the mode of trial ” (before the jury in the court of common pleas under the statute then in force), “as the jury might still view the premises, if either party so requested,” And it was held there was no error in the instructions of the trial court to the jury that, as the estimate of value was a matter of opinion, the jury having taken a view, might exercise their -own judgment in awarding the damages.
Jurors are not obliged, if witnesses give their opinion, in cases like the present one, to follow and adopt such opinion. They may reject such opinion, and substitute their own; and if they may do so in such case, why should we stick in the bark, and say they may not rely and act upon their own opinion and judgment, when witnesses are silent?
The real question is, not whether witnesses have testified to it, but whether the jury may use their own judgment, in estimating the value ?
In 1 Suth. on Dam. 803, it is said : “So far as the amount of the verdict depends upon opinion, the jurors are to determine it upon their own judgment. They should proceed upon the description of the subject as they find it from the testimony ; and should avail themselves of such aid as is afforded them in the opinion of witnesses allowed to be given them. They are not obliged, however, to yield their own judgment, .and should not, to conform their verdict to the opinion of the witnesses. Their finding may be more or less in amount than that stated by any witness.”
Head v. Hargrove, 105 U. S. 45, was a case to recover for professional services, and witnesses had testified to the value of those services, ranging from $1,000 to $5,440, and counsel for the defendant asked the court to instruct the jury as follows : “In determining the value of the plaintiff A services, the jury are not bound by the testimony of the expert witnesses. .That testimony may be considered by the jury, but if in their judgment the value fixed by those witnesses, is not reasonable, they may disregard it and find the amount which in their judgment would be reasonable. In determining *422 the value of the plaintiff’s services, the jury are not bound by the opinions of the witnesses, unless the jury shall find from all the evidence taken together, including the nature of the services, the time occupied in the performance of them, and the result of them, and the benefits derived from the defendant’s rendition of said services, that said opinions are correct.”
The refusal to give this instruction was held to be error.
Mr. Justice Field, in the opinion of the court, said: “Those instructions correctly presented the law of the case. * * * It was the province of the jury to weigh the testimony of the attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services. To direct them to find the value of the services from the testimony of the experts alone, was to say to them that the issue should be determined by the opinions of the attorneys, and not by the exercise of their own judgment of the facts upon which those opinions were given. The evidence of experts as to-the'value off professional services does not differ, in principle, from such evidence as to the value of labor in other departments in business, or as to the value of property. So far from laying aside their own general knowledge and ideas, the jury should have applied that knowledge and those ideas to the matters of fact in evidence in determining the weight to be given to the opinions expressed ; and it is only in that way that they could arrive at a just conclusion.” “While they cannot act in any case upon particular facts material to its disposition resting in their private knowledge, but should be governed by the evidence adduced, they may, and to act intelligently they must, judge of the weight and force of that evidence by their own general knowledge of the subject of inquiry. * * * The judgment of witnesses, as a matter of law, is in no case to be substituted for that of the jurors.”
*423 In Anthony v. Stinson, 4 Kan. 211, a question similar to the one presented in Head v. Hargrave, supra, came before the Supreme Court of Kansas, and a like decision was reached. And it was declared that the jury “could not be required to accept, as a matter of law, the conclusions of the witnesses instead of their own.”
In Patterson v. Boston, 20 Pick. 159, 166, the question was the same as in Parks v. Boston, supra; and the trial court instructed the jury that, in estimating the amount of the damages, “if any of them knew, of his own knowledge, any material fact which bore upon the issue, he ought to disclose it and be sworn, and communicate it to his fellows in open court, in the presence of the parties; but that, in making up their verdict, they might rightfully be influenced by their general knowledge of such subjects, as well as by the testimony and opinions of witnesses.”
It was held that these instructions were correct, and Chief Justice Shaw said : “Jurors would be very little fit for the responsible office to which they are called, especially to make an appraisement, which depends on knowledge and experience, if they might not avail themselves of those powers of their minds when they are most necessary to the performance of their duties.”
Murdock v. Sumner, 22 Pick. 156, was an action in trover for goods taken, and one witness, and one only, had testified to the value of the goods in money. The witness testified as to quality, condition, and cost of the goods, and gave his opinion as to their worth, and the court, in reviewing the case, said: “ It was an estimate of the value of goods. The facts were- stated by the witness, and also his opinion, but the jurors had full opportunity to exercise their own judgment on the facts, and form their own opinion of the value. If, indeed, any juror knew of any fact bearing upon the subject, such as the state and condition of the particular parcel of goods, especially if it differed from the facts testified to, he should have stated it, and testified to it in open court. * * * *424 But the jury may properly exercise their own judgment, and apply their own knowledge and experience in regard to the general subject of inquiry. In the'present case the jurors were not bound by the opinion of the witness; they might have taken the facts testified by him as to the cost, quality and condition of the goods, and come to a different opinion as to their value.”
The doctrine of these Massachusetts cases was subsequently affirmed in Schmidt v. Insurance Co., 1 Gray, 535-36.
In the case at bar, suppose ten witnesses had testified for. the plaintiff that his services were worth $40 per month, and ten witnesses had testified for the defendant that they were worth but $15 per month, or, that but one witness in the case had testified to their value, and he had placed it at $40 per month, and the jury .had returned a verdict from which, by its amount, it is certain they estimated the value of the services at $25 per month — which would not be consistent with the testimony in either instance, nor be an average of all the evidence in the first instance — I cannot think any court would set aside such verdict, because it was against the evidence.
I do not say, that witnesses who are shown to have more than ordinary knowledge of the subject, may not give their opinion of the money value of such ser vices.as the plaintiff performed, to aid the jury in estimating such value, yet such value is a matter of common observation and general knowledge, and because it is such, jurors may, as we have seen, rely upon their own observation and knowledge in estimating such value.
In Craig v. Durrett, supra, it is said: “ This court has decided that the jury may fix the price of property sued for from its description, although the witnesses are silent as to price. Why are these doctrines tolergted ? Because courts must act, if governed by reason and common sense, upon the presumption that jurors are acquainted with the ordinary transactions and business of society; and perhaps no one thing is so well known as the value and prices of labor. Jurors will be *425 influenced by their own knowledge, in coming to a conclusion, and it is right they should be.” And see 2 Ohio St. 456-57; 43 Ohio St. 282-83.
In our own state, a reasonable counsel fee may be recovered in many actions, as compensatory damages for expenses incurred, and the jury, in such actions, are authorized, in the absence of testimony as to the amount of expenses incurred, or of the worth of such services, to assess what, in their judgment, would be a reasonable fee for the services of the plaintiff’s attorney in the action. Not only is that the rule, but, further, it is held that the parties cannot introduce evidence as to either the extent of such services, or their value. Stephens v. Morris, 37 Ohio St. 108, and cases cited.
It is said that the jury have the facts as to the services performed patent before them, and from such facts can determine what a reasonable fee would be; yet, perhaps they cannot tell what the attorney had done before the case came before them, and certainly the value of the services is not patent before-them the same as if testimony directly as to their money value had been introduced. But admitting that the jury assess the value of such services only as they can see were performed, the ruling sustains all that is here claimed.
To say that such fee is merely a part of the general damages that the jury may assess, as a consequence of the injury suffered by the plaintiff, does not change the matter. Such compensation is nothing more or less than the value of the services of the attorney, and the jury determine such value solely on their own knowledge and ideas. And to claim that necessity compels this doctrine, because to allow testimony as to the extent and value of the services would be introducing collateral issues, in no sense changes the fact, even if the principle be correct, that proof of a claim for a particular item of expense incurred, and which the plaintiff is entitled to recover,, would be raising a collateral issue. Whatever reason, good or bad, may be given for it, the fact remains, and cannot be swept aside, that the jury are permitted to determine what is- *426 the reasonable worth of the services of an attorney in prosecuting an action at law, without the opinion of any witness as to their worth or money value. If the jury are competent to do that, upon their own judgment, and so as to keep within the bounds of justice between the parties, why are they not competent to determine, in the same way, the money-value of far more common labor. An answer cannot be found in a want of capacity, or lack of knowledge on the part of the jury, unless the rule thus established is erroneous. A distinction is however, sought to be made upon the pleadings, that in the one case there is no claim made to recover the specific amount of expenses incurred, or value of the services, while in the other the value is specifically alleged, and being a material allegation, must be proved; and, in support of this distinction, we are referred to Johnson, Adm'r v. Spiegel, 4 C. C. Rep. 388, where, in an action on an account for boarding and washing, an instruction to the jury that, “as to matters of this nature, such as boarding and washing, which are within the common knowledge and experience of all, the jury have a right, in the absence of all proof as to value, and from their own knowledge of such transactions, and business of life, and of the value of such services, to find a verdict for the value thereof,” was held to be erroneous, and that it was incumbent upon the plaintiff to prove the value.
And in the opinion it is said : “ The law, as laid down by the court, was so contrary to our understanding of it, that we were surprised to sec it sustained by so high a court as the Court of Appeals of Kentucky. In the case of Baum v. Winston, 3 Met. (Ky.), and in the case of Craig v. Turrett, 1, J. J. Marshall, we find the law to be in accordance with the holding of the court.”
“However, in the 8th Arkansas, we find the law to hold otherwise. These are the only cases we have been able to find exactly in point. We have, however, made no particular effort to find adjudicated cases on the question, but have looked to the general principles of evidence, as given by *427 Grcenleaf, Taylor, Wharton, Phillips and Starkie, and in none of these have we been able to find the position taken by the court to be sustained. Starkie probably states the general principle more clearly than the others. He says, at section 735 : “ It is, however, requisite in all cases that the plaintiff should adduce some prima facie evidence, in support of any essential allegation. When there is a failure of evidence, tending to establish any one essential averment, the court directs an acquittal in a criminal, or directs the plaintiff to be non-suited in a civil action.”
“In Trial by Jury, Mr. Forsythe, at page 135, says; “It was in consequence of this principle of.the original constitution of the jury, that it was for a long time held that this private knowledge of facts might influence their verdict as much as the oral and written evidence which was produced in court. And, therefore, they might bring in a verdict, although no proof was offered on either side. * * * This is the meaning of the old legal doctrine, which is at first sight somewhat startling, that the evidence in court is not binding evidence to a jury. * * * And now so different is the principle on which the jury find their verdict, that it would be a reason for a new trial, if they were told by the presiding judge to take into account and be guided by their own knowledge of facts derived from any source independent of the evidence before them.”
But evidence of the performance, nature and extent of the services is some evidence of their value, unless it is to be assumed that prima facie, such services are worthless. In assessing such value, too, the jury, in such case, do not act upon their own knowledge of any fact; such assessment is a mere conclusion from the facts proved, to-wit: the character and extent of the services performed.
When these are proved, together with the request of performance, or promise to pay, all the facts are proved necessary to entitle the plaintiff to a verdict; and in such case, the *428 court could not legally direct a verdict for the defendant, or that the plaintiff be non- suited; and if it did, it would be error, although not prejudicial error, unless it affected the question of costs, in cases where only nominal damages can be recovered in the absence of testimony as to the amount of damages or of facts from which an estimate of the amount can be made. Leeds v. Met. G. L. Co., 90 N. Y. 26.
Northway & Williams, for plaintiff in error.
Howland & Starkey, for defendant in error.
The facts being proved, all else rests in opinion — opinion as to what is a fair and reasonable compensation, and as to that in no sense does it differ, in principle, from assessing compensation for the loss of a leg, for a damaged reputation, or fora false imprisonment, or for any injury where counsel fees may be included in the recovery. The plaintiff having proved every fact necessary to entitle him in law to recover, the amount of such recovery rests, in the first instance, in the discretion of the jury in the one case as well as in the others, independent of the opinion of any other person as to such amount.
Allegations of amount of damages, and of values, are put in the same category by sec. 5081, Revised Statutes, and are to be considered controverted, though not denied. If, therefore, allegations of value are material allegations, so are allegations of amount of damages generally according to the intent as expressed in this statute. But to entitle the plaintiff to a verdict, it is not generally necessary for him to prove the precise value, or the amount of damages, alleged in his petition. That rests in opinion based upon the facts, and the opinion that is to govern is that of the jury, and not that of witnesses, at least in matters of common observation and general knowledge; and should a jury render an excessive verdict, a court possessing, it must be presumed, at least as much experience, observation and knowledge of such matters as the jury, would be able to detect it, and detecting, remedy it.
Judgment affirmed.
Frazier, J., dissents.