John M. Hopkins v. Andrew J. Briggs, John Beck and Joseph Groff.

*Drain Proceedings—Waiver—Amendment of notice attached to plea.*

In trespass for digging a ditch on plaintiff's land, it is proper to allow defendants, after justifying as drain commissioner and contractors, to amend the notice attached to their plea by stating that they dug under a license from the plaintiff.

One who petitions for a ditch and himself contracts to dig it, or agrees in default thereof, to allow the contract for digging to be re-let, must be deemed to have waived all right to recover damages from parties attempting in good faith to dig it, if at the time of contracting he could, by using due diligence, have learned of any defects in the proceedings; but if he could not, and objects as soon as he finds there are defects, he can recover. The question of diligence is for the jury.

Exceptions to Monroe. Submitted June 4. Decided June 17.

Trespass. Plaintiff brings error.

*I. R. Grosvenor* for plaintiff in error.

*Willits & Critchett* for defendants in error.

Marston, J. This was an action of trespass brought to recover damages for digging a ditch across the lands of the plaintiff.

The defendant Briggs justified as drain commissioner and the others as contractors. The case had been commenced in justice's court and removed into the circuit, where upon motion the court permitted defendants to amend their notice annexed to the plea, by setting up the fact that they dug the ditch under a license from the plaintiff. This was objected to. We are of opinion that the court had power to permit the amendment to be made in this case. It was in furtherance of justice, and the plaintiff was not taken by surprise or deprived of any essential right thereby.

The defendants do not seriously deny that defects existed in the proceedings under which the ditch was laid out which might affect the legality thereof. They say, admitting all this, yet that the plaintiff was by his own acts estopped from maintaining this action, and the court below so held. What the defendant's rely upon is the following: That in June, 1874, the plaintiff by a written petition requested this ditch to be laid out and constructed; that he at the same time executed the statutory bond to the commissioner to pay all costs and expenses of the proceedings in case the ditch was not ordered to be laid out; that in July, 1874, he with others, executed a written release of the right of way, and all claim for damages by reason of the laying out and construction of this ditch; that in September, 1875, he entered into a contract with the drain commissioner to dig the ditch across his own lands, and that this contract contained a provision, in case he failed to construct the ditch or any part thereof, authorizing the commissioner to re-let the same by private contract or otherwise, and agreeing therein that such subsequent contractors might proceed without hindrance and complete the contract.

If at the time this release was signed, or at the time this agreement of September, 1875, was signed by the plaintiff, he knew, or by reasonable diligence could have known of the defects or irregularities then existing, and which it is now claimed rendered invalid the proceedings to construct this ditch, then clearly he must be deemed to have waived all right to recover damages from parties who should thereafter, in good faith, attempt to construct the ditch. If, however, he exercised due diligence to ascertain what the facts were, and at the time he signed the agreement in September, he believed that all the proceedings had been regular and legal for the construction of the ditch as laid out, and only ascertained the defects and irregularities thereafter, and thereupon objected to the construction of the ditch, we are of opinion he would be entitled to recover. Whether he did, or could by reasonable diligence have had such

information, was a question for the jury, and the evidence offered by the plaintiff to show that he was led to and did believe that all the proceedings were regular, should have been admitted.

The judgment therefore must be reversed, with costs, and new trial ordered.

The other Justices concurred.