LUTHER BEECHER v. THE WAYNE CIRCUIT JUDGES.

[See 66 Mich. 307.]

*Pleading—Amendment— Costs—Libel and slander—Notice of justifi-
cation—Mandamus.*

1. The statute of amendments has always been very liberally con-
   strued, and courts should be liberal in permitting notice of
   special matter of defense to be given or amended in furtherance
   of justice. *Browne v. Moore,* 32 Mich. 254; *Johnson v. Kibbee,*
   36 Id. 269; *Hopkins v. Briggs,* 41 Id. 175.
2. The allowance of an amendment to the notice attached to the plea
   is within the discretion of the trial court, and not subject to
   review on error except when it is made to appear that there has
   been an abuse of such discretion. *Browne v. Moore,* 32 Mich.
   256.
3. The allowance of the addition of a notice of justification to a plea
   in a suit for libel is within the jurisdiction of the circuit court,
   and the requirement of the payment of $1,000 costs as a condi-
   tion to such amendment is not just and reasonable.
4. The inquiry for the court, when a motion for leave to amend is
   made, should be, is it in the furtherance of justice to allow it;
   will it better permit the party to present his case or make his
   defense upon the merits, and ought be now to be permitted to
   make such a case or such a defense? And in determining these
   questions the statute should be *liberally* construeu.

*Mandamus.* Submitted May 8, 1888. Granted May 18,
1888.

Relator applies for *mandamus* to compel the hearing of a
motion for leave to amend on the merits, and to set aside a
former order granting such motion on the payment of $1,000
costs, etc. The facts are stated in the opinion.

*John Atkinson,* for relator.

*E. H. Sellers* (*Edwin F. Conely,* of counsel), for respond-
ents.

Long, J. The petition for *mandamus* in this cause states substantially that in July, 1886, William W. Wheaton commenced a suit against relator in the superior court of Detroit for a libel contained in what purported to be an interview between relator and an Evening News reporter, published March 17, 1886. Said suit was commenced by declaration, and damages laid at $25,000.

On August 5, 1886, relator pleaded the general issue, and gave notice that he would claim that the interview sued upon, if it ever occurred, was privileged. Relator was advised by his attorney, Willis G. Clark, and his counsel, John Atkinson, to whom he fully stated the facts in said cause, that the alleged interview was privileged, and that in said suit plaintiff would be compelled to prove that the charges made were untrue and malicious, and defendant would be at liberty, under the general issue so pleaded, to show the truth of the charges so made, as well as the absence of malice in making them, and also that the publication was not authorized by the relator. Relator's attorneys accordingly pleaded to said declaration as above stated, relator not wishing to place a notice of justification upon the record unless the same was absolutely necessary.

The cause came on for trial in September, 1886, before Judge Chipman. The plaintiff produced the reporter of the News, who gave evidence tending to prove that relator, in a conversation with him, used the language alleged, and that he, the reporter, afterwards, on his own responsibility, wrote it up and published it in the News. At the time the plaintiff was a candidate for controller of Detroit, and he, the reporter, published relator's opinion of him as a matter of public interest.

Plaintiff also produced himself and others as witnesses to show ill feeling between himself and relator, and to show that relator was malicious in making the charges sued upon. Relator testified in his own behalf that, in conversing with

the reporter, he acted in good faith, and with no intention or expectation that what he said would be published; and that what he said he believed to be true; and that in saying what he did he was not moved by malice; and that the most offensive terms used in the reporter's article he never used. The plaintiff was testifying in his own behalf, in rebuttal, when the court, without any request on relator's part, ordered a verdict for defendant.

Plaintiff removed the cause to this Court, where it was argued in the April term, 1887, and at the June term this Court reversed the judgment (66 Mich. 307, 33 N. W. Rep. 503), holding that the alleged conversation was not privileged.

The cause was noticed for trial by plaintiff in September, 1887, in the circuit court for the county of Wayne, to which said cause had been removed, as provided by law, when on September 19, 1887, the counsel for relator entered a special motion in said cause for permission to add a notice of justification under the general issue. Notice of this motion was given, and on September 26, 1887, came on to be heard before Hon. William Look, one of the judges of said circuit court, who, on October 6, 1887, denied said motion on the ground that the relator had been guilty of negligence in not making it sooner.

On October 11, 1887, relator made application to this Court for *mandamus* to the circuit court for the county of Wayne to compel said court to allow the amendment asked for by relator. On the hearing, this Court denied the same on the ground that the petition for the writ did not set out the matter to be added in the notice of justification, but without prejudice to a new application. Relator thereupon moved said circuit court for permission to renew his motion to amend said plea upon such further showing as he might be advised was required. That permission was duly granted, and on October 26, 1887, a motion, with affidavits in support

thereof, was duly made, and came on to be heard in said cir-
cuit court before Hon. William Look, circuit judge.  No
affidavits were filed in opposition to said motion, and after
hearing arguments upon the motion the court took the mat-
ter under advisement, and in December, 1887, granted said
motion upon the following terms:

1. That defendant should within 10 days pay as costs of
said motion $1,000.

2. That plaintiff be permitted to amend the *ad damnum*
clause of his declaration so as to claim larger damages.

Judge Look's term of office having expired on December
31, 1887, relator made a motion in said circuit court for the
vacation of the order in so far as it required relator to pay
the $1,000 as a condition precedent to the amendment of his
plea, and the permission to plaintiff to increase the amount
of damages claimed in the *ad damnum* of his declaration.
Affidavits were filed in support of this motion.

On January 16, 1888, this motion came on to be heard
before Hon. Henry N. Brevoort, one of the judges of said
circuit court, who, on January 25, 1888, denied said motion,
on the ground that, said order having been made by a judge
of concurrent powers and jurisdiction, he would not consider
the merits of the motion.

Relator prays for writ of *mandamus* to the circuit court
for said county, directing it to hear said motion on its merits
without regard to the order made by Judge Look, and to
annul the order made granting said motion, in so far as it
requires relator ro pay the $1,000, and allows the plaintiff to
amend the *ad damnum* clause of his declaration, and to allow
relator to amend his plea upon reasonable terms.

The facts, substantially as set out in the petition, are
admitted by the return of Judge Brevoort to an order to
show cause in this case, which issued from this Court at the
January term, 1888, so far as the facts are within his knowl-
edge ; though it is claimed by the attorney for the respondent

that the relator has been guilty of such laches in the matter that no amendment should be allowed, and, if it is so allowed, the terms fixed by the order of Judge Look are reasonable under the circumstances shown, and should not be disturbed by this Court.

Section 7631, How. Stat., provides:

"The court in which any action shall be pending shall have power to amend any process, pleading, or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment shall be rendered therein."

This statute has always been very liberally construed, and this Court has said in numerous cases that courts should be liberal in permitting notice of special matter of defense to be given or amended in furtherance of justice. *Browne v. Moore*, 32 Mich. 254; *Johnson v. Kibbee*, 36 Id. 269; *Hopkins v. Briggs*, 41 Id. 175 (2 N. W. Rep. 199). It has also been held by this Court, in numerous cases, that the allowance of an amendment to the notice attached to the plea is within the discretion of the trial court, and not subject to review on error except where it is made to appear there has been an abuse of discretion. *Browne v. Moore*, 32 Mich. 256.

It appears that the relator added a notice to his plea—

"That he would claim that the interview sued upon, if it ever occurred, was privileged."

Under the pleading so framed the relator went to trial. The cause was ruled by the trial judge against the plaintiff, and in this Court the case was reversed, and new trial ordered at the June term, 1887, this Court holding that the alleged conversation was not privileged. The relator made no effort to amend his notice till September 19, 1887, and after the cause was noticed for trial in the circuit court by the plaintiff. Relator attempts to excuse such laches by the fact that he had no notice that the *remittitur* from this Court had

been filed in the circuit court, where said cause had been transferred under the legislation abolishing the superior court, and also that the judges of the circuit court, except his honor, Judge Jennison, were absent most of the time during the summer until September, 1887.

The practice resorted to in this case by the defendant, and the delays occasioned thereby, is not to be commended. The allowance of the amendment was within the judicial discretion of the circuit court. This discretion is not to be exercised arbitrarily, and, under the very liberal construction so often given this statute, we think the amendment ought to have been allowed. Judge Look must have found that it was in furtherance of justice to allow the amendment. It does not appear that the plaintiff entered any motion or made any request to increase the *ad damnum* of his declaration.

The statute above cited provides that such amendments shall be made " on such terms as shall be just." The court allowed the amendment upon condition that plaintiff have leave to increase the *ad damnum* of his declaration, and that the relator pay within ten days the sum of $1,000. The learned circuit judge gives as his reasons for imposing these conditions to the allowance of the amendment that—

"I had in view the nature of the action; the time when commenced; its magnitude and importance; the situation of the parties; the length of time consumed—nearly a month— in the former trial; the great expense the plaintiff has already been subjected to in trying the cause in the superior court; the appeal and argument in the Supreme Court, where the defendant compelled him to go for relief; the arguments had and time consumed on the several motions made in this cause; the fact that by the amendment, if permitted, really a new cause will be presented; that all that has been done by the plaintiff up to the present moment is of no avail, and that without his fault. Also the further fact that by the amendment the defendant will be enabled to greatly protract any further trial of the cause."

It is proper for the court to take many of these facts into

consideration in determining these questions, but it will not do for courts in the exercise of their judicial discretion to impose conditions upon litigants by way of punishment, or because the party or his attorney ought to have proceeded in some other way, at the outset of his case, or in making his defense. Parties and attorneys are many times mistaken as to form or substance of the declaration necessary in presenting the merits of their case, or in the form or substance of the notice necessary to present their defense, and courts have been liberal in the allowance of amendments to pleadings; and defendants have the right to present as many defenses to the action as the nature of the case may admit. The inquiry for the court, when a motion for an amendment is made, should be, is it in the furtherance of justice to allow it? Will it better permit the party to present his case or make his defense upon the merits? And ought he now to be permitted to make such a case or such a defense? And this statute in determining this question should be construed liberally. This being judicially determined, the court may impose just and reasonable terms as a condition precedent to the amendment.

We think the terms here imposed were not such as this statute contemplates. They are not just or reasonable. It appears to be an attempt to magnify the importance of the plaintiff's case, and to punish the defendant for a failure to interpose the proper notice at the outset of his defense, and thus prolonging the litigation.

*Mandamus* will issue, directing the circuit court of Wayne county to hear relator's motion on the merits, and to annul and set aside the order made by Judge Look in the premises. Under the circumstances no costs will be allowed.

The other Justices concurred.