CITY OF DETROIT *v.* WAYNE CIRCUIT JUDGE.

1. STATUTES—AMENDMENT—SUFFICIENCY OF TITLE.

An amendment to an act entitled "An act to provide a charter for the city of D., and to repeal all acts and parts of acts in conflict therewith," requiring notice to be given to the munic- ipal law department within a specified time after the re- ceiving of personal injuries as a condition precedent to the right to bring suit therefor against the city, is valid under the general title of "An act to amend," etc., the provision being one that might have been incorporated in the original act.

2. DEFAULT—SETTING ASIDE—REASONABLENESS OF CONDITIONS IM- POSED.

It is not a valid exercise of the discretionary power vested in the circuit judge to set aside defaults upon such conditions as seem reasonable and just, to require the defaulting party to plead merely the general issue, without notice of special defenses.

| 112 | 317 |
| --- | --- |
| 122 | 616 |
| 112 | 317 |
| 126 | 636 |
| 112 | 317 |
| 128 | 358 |
| 128 | 386 |
| 128 | 387 |
| j128 | 404 |
| j128 | 409 |
| j128 | 410 |
| 112 | 317 |
| 135 | [1]564 |
| 112 | 317 |
| f145 | [1]423 |

*Mandamus* by the city of Detroit to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate an order striking from a plea a notice of special defense. Submitted November 10, 1896. Writ granted April 27, 1897.

*Arthur Webster* and *Charles D. Joslyn*, for relator.

*James H. Pound*, for respondent.

LONG, C. J. In July, 1896, Augusta Ambuhl com- menced suit against the relator for personal injuries. The relator failed to appear or plead within the time prescribed by the rules of court, and on August 24, 1896, its default was taken. On the next day the relator ten- dered a plea and notice attached thereto, together with $10 as costs, and asked to have the default set aside. This the plaintiff's attorney refused to receive, and relator thereupon made a motion to the court to set aside the

default, and that it be permitted to plead in the cause. The court set aside the default and received the plea, but struck therefrom the notice.    Relator now asks a *mandamus* to compel the respondent to vacate so much of the order as relates to the notice; and a return has been made by the respondent setting out the reasons why the notice should not be permitted to stand in the case, as follows:

(1) That it was within the jurisdiction of the trial court, in setting aside the default, to impose such conditions as to the court might seem reasonable and just.

(2) That no proofs would be permitted to be made under the notice, as the statute to which the notice relates is unconstitutional.

The notice is as follows:

"That on the trial of the above-entitled cause the defendant, the city of Detroit, will give in evidence in its defense that no notice in writing was given to the head of the law department or to his chief assistant of the time, place, cause, and nature of the injury set forth in plaintiff's declaration within three months of the time of such injury, as provided by the statute in such cases."

The statute to which this notice relates is as follows:

"There shall be added to chapter eleven of said charter of the city of Detroit a new section, as follows:   'Sec. 46. No action shall be brought against said city, nor any of its boards, commissions, or officers, for any negligent injury, unless it be commenced within one year from the time when the injury was received, nor unless notice shall be given in writing, within three months from the time of such injury, to the head of the law department or to his chief assistant, of the time, place, and cause of such injury, and of the nature thereof.   *   *   *' "

The title of this act (No. 463, Local Acts 1895) is:

"An act to amend section sixty-one of chapter seven, and section forty-four of chapter eleven, and to add a new section to chapter eleven, and a new section to chapter thirteen, of an act entitled, 'An act to provide a charter for the city of Detroit, and to repeal all acts and parts of acts in conflict therewith,' approved June 7, 1883, as amended by acts numbered 374 and 294 of the Session Laws of 1893."

1. This amendatory act is not open to the claim made. There is no doubt that, had this section been incorporated in the original act, it would have been valid. It is competent to introduce by amendment anything which might have been introduced in the original act. *Holden* v. *Osceola Co. Sup'rs*, 77 Mich. 202; *Board of Sup'rs of Chippewa Co.* v. *Auditor General*, 65 Mich. 408.

2. The court having determined that the city of Detroit had the right to make defense to the action, we think it was not within his discretion to limit its defense in the manner set forth.

The writ will issue as prayed.

The other Justices concurred.