[No. 4768. Decided December 12, 1903.]

W. E. THOMAS *et al., Respondents*, v. JOHN R. PRICE, *Appellant.*[1]

PLEADINGS—AMENDMENT—LIMITATION OF ACTIONS—STATUTE NOT UNCONSCIONABLE DEFENSE—SETTING UP IN AMENDED PLEADING. The statute of limitations is not an unconscionable defense, and the allowance of an amended pleading for the purpose of setting it up is not to be discriminated against, but should be treated as any other defense.

SAME. Great latitude is allowed in the amendment of pleadings, and it is not error to allow a trial amendment pleading the statute of limitations to a note, where the defendant was not surprised and made no application for a continuance.

[1]Reported in 74 Pac. 563.

Appeal from a judgment of the superior court for Spokane county, Richardson, J., entered January 20, 1903, upon the verdict of a jury rendered in favor of the plaintiff.    Affirmed.

*Adolph Munter,* for appellant.    To the point that the plea of the statute of limitations will not be received with favor by way of amendment, after the period of pleading it as a matter of right has expired, counsel cited.    Bliss, Code Pleadings, § 431 (2d ed.) ; *Coit v. Skinner,* 7 Cowen 400; *Jackson v. Varick,* 2 Wend. 294; *Wolcott v. McFarlan,* 6 Hill 227; 13 Enc. Plead & Prac. 210.    Failure to plead is deemed a waiver, or election to rely on other defenses.    *Morton v. Bartning,* 68 Cal. 306, 9 Pac. 146; *Kelly v. Kriess,* 68 Cal. 210, 9 Pac. 129; *Clinton v. Eddy,* 54 Barb. 54.    Where the defect appears on the face of the complaint, the defense of the statute is waived by failing to demur.    *Spaur v. McBee,* 19 Ore. 76, 23 Pac. 818; *Roche v. Spokane County,* 22 Wash. 121, 61 Pac. 59.

*Ernest C. Macdonald,* for respondents.

DUNBAR, J.—This is an action on a promissory note given by defendant to plaintiffs on September 28, 1901, for $700, payable thirty days after date.    Defendant denied plaintiffs' ownership of said note, and also pleaded by way of counterclaim the ownership of a note made by plaintiffs severally and jointly with one J. E. McGinnis on February 13, 1903, bearing interest at the rate of five per cent per month, payable to the order of G. M. Nethercutt, and on July 30, 1901, sold and assigned by said Nethercutt to defendant; on which note certain payments were in the answer alleged to have been made, and on which, at the time of the commencement of this action, there was due a balance of $149.85 in excess of the note owned by plaintiffs, for which amount defendant asks judgment.

Upon the trial, plaintiffs proved the execution of their note by defendant, and ownership thereof by plaintiffs, and rested. After the introduction of the note which was pleaded as a counterclaim, plaintiffs asked permission to amend their reply by pleading the statute of limitations against the note set out in the cross-complaint. This permission was granted over the defendant's objection. The cause went to trial; proof to the satisfaction of the jury was made that the last payment, which would have prevented the statute of limitations from running, was not made as a payment on the note, but was a payment for notarial services. The jury brought in a verdict for plaintiffs, and, after defendant's motion for a new trial had been overruled, judgment was rendered against defendant, from which judgment this appeal is taken; and the only error asigned is that the court erred in permitting the amendment to the reply by pleading the statute of limitations at the time such permission was given.

Great latitude in the amendment of pleadings is conferred upon the trial court by the statute, and the appellate courts in all jurisdictions have been liberal in construing this power. It is claimed by the appellant that one of the well defined limitations is that there must not be an entire departure from the original cause of action and defense, and that it must be done in furtherance of justice. The basis of appellant's contention, and the only ground upon which it can be sustained, is that the statute of limitations is an unconscionable defense. But, in accordance with the weight of authority, this court has held that it is a defense which litigants have a right to plead, and that in the trial of a cause it should not be discriminated against, but should be treated as any other defense. In *Morgan v. Morgan,* 10 Wash. 99, 38 Pac. 1054, it was

held not an abuse of discretion for the court, after a hearing of the cause, to allow an amendment correcting a mistake, although the equities of the case might have been in favor of the plaintiff.   This court, after stating the ground of appellant's contention—that it was an abuse of discretion to permit the amendment, and that amendments should only be allowed in aid of justice, not of injustice—said:

"A number of authorities are cited as sustaining the proposition that the amendment should not have been permitted.   But we think that the action of the lower court was right in the premises. . . .   Under the weight of the authorities, the statute of limitations is not, now at least, generally regarded as an unconscionable defense. We regard this as so well settled that we deem a citation of many authorities unnecessary, but refer to *Wood v. Carpenter,* 101 U. S. 135 [25 L. Ed. 807],"

where that court vigorously laid down the rule that statutes of limitation are vital to the welfare of society and are favored in the law, giving cogent reasons for such announcements; citing also *Barnett v. Meyer,* 10 Hun 109, where the court said:

"Whatever may have been the earlier doctrine on the subject of what are called unconscionable defenses, it no longer prevails.   The rules which govern amendments are now to be regarded without reference to the character of the defense."

The same rule was announced in *Roche v. Spokane County,* 22 Wash. 121, 60 Pac. 59, where the trial court permitted the defendant to file a special demurrer raising the defense of the statute of limitations, after a general demurrer had been overruled and after the same defense had been, on motion, stricken from defendant's answer. Also *McClaine v. Fairchild,* 23 Wash. 758, 63 Pac. 517, where the court, after stating the contention of the appel-

lant that it was particularly insisted that the plea of the statute of limitations was not viewed favorably, said: "But such view of the statute of limitations is not now, we think, usual or supported by the weight of authority;" citing with approval *Morgan v. Morgan, supra,* and the cases cited therein; and also 13 Enc. Plead. & Prac., p. 209, where it is said:

"Although according to some authorities the plea of limitation is classed among those not deemed meritorious, yet the statute of limitations is not now generally regarded as an unconscionable defense."

There is no claim that the defendant was surprised by the proffer of this plea, and, in any event, no motion was made for a continuance, and we held in *Daly v. Everett Pulp etc. Co.,* 31 Wash. 252, 71 Pac. 1014, that an action of the court in allowing, on an oral motion, an amendment to a pleading on the date of a trial, without an affidavit showing a good cause therefor, and without notice to the adverse party, was not reversible error, under the provisions of the statute authorizing the court to allow amendments to pleadings where the record did not show that he was injured by the amendment and unprepared with testimony to meet the issue thereby tendered. The court, after citing the case of *Barnes v. Packwood,* 10 Wash. 50, 38 Pac. 857—where the court permitted a fourth answer to be filed, and where this court had said that "the court having such a large discretion, under our law and practice, in matters of amendments, we do not think we would be justified in reversing the case for this reason"—proceeds to say:

"The record does not disclose any claim on the part of appellant that he was really injured by the amendment, and unprepared with testimony to meet any issue tendered thereby. No application for continuance of the trial on

the ground of surprise or inability to produce testimony is shown. If such had been made to appear, no doubt the trial court would have granted the amendment upon such terms as would have fully protected any rights shown to be jeopardized by permitting the amendment at that time."

What was said there may be appropriately applied to this case. No prejudicial error appearing, the judgment is affirmed.

FULLERTON, C. J., and HADLEY, MOUNT, and ANDERS, JJ., concur.