BIGELOW v WALRAVEN

Opinion of the Court

1. Limitation of Actions—Defenses—Affirmative Defenses.

The statute of limitations is not a disfavored plea but a perfectly righteous defense, a meritorious defense, that may, like other affirmative defenses, be raised tardily.

2. Pleading—Amendments—Conditions—Statutes.

The statute authorizing a trial court to allow prejudgment amendment of a pleading for the furtherance of justice, on such terms as shall be just, has been regarded as authorizing a judge to impose conditions when allowing an amendment (MCLA 600.2301).

3. Pleading—Default—Setting Aside Default—Conditions— Amendment.

A judge may properly attach as a condition for the setting aside of a defendant's default only those conditions necessary to prevent advantage to the tardy defendant and to relieve the plaintiff of prejudice attributable to defendant's delay in answering or in proferring his amended pleading; he may not attach a wholly irrelevant condition.

4. Pleading—Default—Setting Aside Default—Conditions—Discretion—Defenses—Limitation of Actions.

A trial judge abused his discretion in establishing as the condition for the setting aside of a defendant's default that the defendant file an answer to an amended complaint excluding defenses based on the statute of limitations, where the condition he imposed bore no relationship to any adverse conse-

References for Points in Headnotes

[1] 51 Am Jur 2d, Limitation of Actions § 453 et seq.
[2, 9] 61 Am Jur 2d, Pleading §§ 308–312.
[3] 46 Am Jur 2d, Judgments §§ 686, 774 et seq.
[4, 7, 9] 46 Am Jur 2d, Judgments § 784.
[5, 9] 51 Am Jur 2d, Limitation of Actions §§ 17, 49.
[6, 9] 47 Am Jur 2d, Judgments § 1152.
[8] 46 Am Jur 2d, Judgments § 682.

quence suffered by the plaintiffs as a result of the defendant's default, a short delay caused by inadvertence, but placed them in a vastly superior position because their action was not commenced until eight years after the accident out of which it arose, and the defendant would be required to defend a stale claim; default is not a procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment obtained without the difficulty that arises from a contest by the defendant.

5. LIMITATION OF ACTIONS—PURPOSES—STATUTES.

Statutes of limitations are intended to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend; to relieve a court system from dealing with "stale" claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured; and to protect potential defendants from protracted fear of litigation.

6. JUDGMENT—DEFAULT JUDGMENT—DEFAULT PROCEDURES—PURPOSES.

Default procedures serve to keep the dockets current, to expedite the disposal of causes, thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim.

### DISSENTING OPINION

### T. G. KAVANAGH and WILLIAMS, JJ.

7. PLEADING—AMENDMENT—COURT RULES—DEFAULT—SETTING ASIDE DEFAULT—COSTS—CONDITIONS.

*Court rule regarding amended and supplemental pleadings does not provide for the imposition of conditions but a subrule concerning setting aside a default does and this difference is deliberate; amendment of pleadings is for the most part intended to assure accuracy and completeness in the presentation of the whole controversy on its merits and no good purpose occurs to the Michigan Supreme Court to warrant imposing conditions for allowing it; default rules are intended to keep a case moving to conclusion and the rule provides for the imposition of costs and other conditions as sanctions to make the rules effective (GCR 1963, 118, 520.4).*

8. PLEADING—DEFAULT—SETTING ASIDE DEFAULT—COURT RULES—DISCRETION—APPEAL AND ERROR.

*The true intent of a subrule regarding setting aside a default and*

*the better practice is to commit the matter to the discretion of the trial judge and unless a reviewing court can say that the judge abused his discretion by imposing a wholly arbitrary and unreasonable condition, the judge's decision should stand (GCR 1963, 520.4).*

9. PLEADING—DEFAULT—SETTING ASIDE DEFAULT—CONDITIONS—DIS-CRETION—LIMITATION OF ACTIONS.

*Trial judge did not abuse his discretion in establishing the condition for the setting aside of the defendant's default, that defendant file an answer to the amended complaint excluding defenses or affirmative defenses to plaintiffs' amended complaints based on any statute of limitations where the trial judge concluded that since each of the parties in turn had failed to meet an arbitrarily established deadline for pleading neither should be entitled to take advantage of the other's delinquency, but rather both should try the case on its merits and the Michigan Supreme Court should not say that this is an arbitrary or unreasonable attitude.*

Appeal from Court of Appeals, Division 3, Fitz-gerald, P. J., and R. B. Burns and Holbrook, JJ., denying application for leave to appeal from Sagi-naw, Hazen R. Armstrong, J. Submitted May 8, 1974. (No. 5 May Term 1974, Docket Nos. 54,920, 54,921.) Decided September 6, 1974.

Complaints by Dorothy Bigelow and John Bigelow and by John Bigelow, individually, against William Walraven and others for damages for injuries sustained in an automobile accident and for medical expenses. Saginaw County Board of Road Commissioners added as a defendant. Default entered against the road commissioners for failure to plead. Default set aside on condition that road commissioners file their answer to the amended complaint excluding defenses or affirmative defenses to plaintiffs' amended complaints based on any statute of limitations. Defendant road commissioners' application for leave to appeal denied by

the Court of Appeals. Defendant road commission-
ers appeal. Reversed and remanded for trial.

*Derrick Eaton,* for plaintiffs.

*Collison & Fordney, P. C.,* for defendant Saginaw
County Board of Road Commissioners.

LEVIN, J. My colleague, Mr. Justice THOMAS
GILES KAVANAGH, would hold that a trial judge
may condition an order setting aside a default,
entered following defendant's failure to answer a
complaint, on defendant not pleading the statute
of limitations.

He states that a condition depriving defendant
of the defense of the statute of limitations is not
"wholly arbitrary and unreasonable" because the
statute of limitations itself establishes an arbitrary
deadline; a trial judge does not act arbitrarily or
unreasonably in relieving a plaintiff of a failure to
meet an "arbitrarily established deadline" so that
the case can be tried "on its merits".

The issue before us would be clearer if the judge
had instead conditioned the setting aside of the
default on the elimination of some other affirma-
tive defense, *e.g.,* contributory negligence, pay-
ment, release, discharge, fraud, duress, estoppel,
statute of frauds or illegality.

If, for example, defendant claimed that he had
settled with the plaintiff and paid the agreed-upon
amount and the judge had conditioned setting
aside of the default on waiver of that defense, we
would all probably agree that was "wholly arbi-
trary and unreasonable". Why the difference here?
It is because of misgivings about the statute of
limitations. As one who has himself been led

astray in that regard,[1] I appreciate those sentiments. It has, however, come to be recognized that the statute of limitations is not a disfavored plea but a perfectly righteous defense, a meritorious defense,[2] that may, like other affirmative defenses, be raised tardily.[3]

---

[1] *See Wilson v Eubanks,* 36 Mich App 287; 193 NW2d 353 (1971).

[2] "No modern case has been called to our attention, however, wherein a reviewing court has reversed the ruling of a trial court allowing a plea of the statute of limitations by way of amendment. That defense was formerly in disfavor with the courts. However, it was Justice Story who wrote: 'It has often been matter of regret in modern times, that, in the construction of the statute of limitations, the decisions had not proceeded upon principles better adapted to carry into effect the real objects of the statute; that, instead of being viewed in an unfavorable light, as an unjust and discreditable defense, it had received such support, as would have made it what it was intended to be, emphatically, a statute of repose. It is a wise and beneficial law, not designed merely to raise a presumption of payment of a just debt, from lapse of time, but to afford security against stale demands, after the true state of the transaction may have been forgotten, or be incapable of explanation, by reason of the death or removal of witnesses. It has a manifest tendency to produce speedy settlements of accounts, and to suppress those prejudices which may rise up at a distance of time, and baffle every honest effort to counteract or overcome them.' *Bell v Morrison et al,* 1 Pet 351, 26 US 351, 360, 7 L Ed 174 [1828].

"By the aid of such counsel the defense has gained in favor. It has been said that the statute of limitations should not be discriminated against but should be treated like any other defense. *Thomas et al v Price,* 33 Wash 459, 74 P 563, 99 Am St Rep 961 [1903]. This court has held it to be a meritorious defense and has affirmed a ruling allowing it to be set up by amendment. *Houts et al v Bartle et al,* 14 SD 322, 85 NW 591 [1901]. That ruling accords with the overwhelming weight of authority. 34 Am Jur 350; *Walters v Webster,* 52 Colo 549, 123 P 952, Ann Cas 1914A, 24 [1912]. See *Wrightson v Dougherty,* 5 Cal 2d 257, 54 P2d 13 [1936]; and *Davenport v Stratton,* Cal Sup, [24 Cal 2d 232] 149 P2d 4 [1944]." *F M Slagle & Co v Bushnell,* 70 So Dak 250, 255-256; 16 NW2d 914, 916-917 (1944).

[3] "We align ourselves with the vast majority of courts in holding that an affirmative defense may be raised by amendment." *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 667; 213 NW2d 134 (1973), citing *Groninger v Davison,* 364 F2d 638, 640 (CA 8, 1966) (statute of limitations); *Emich Motors Corp v General Motors Corp,* 229 F2d 714, 716-718 (CA 7, 1956) (statute of limitations); *Kraushaar v Leschin,* 4 FRD 144, 145 (ED Pa, 1944) (statute of limitations); *Systems Inc v Bridge Electronics Co,* 335 F2d 465, 466 (CA 3, 1964) (dictum in case where defense was misrepresentation, fraud and economic duress); *Villamor v Premier Insurance Co,* 13 Mich App 30, 33; 163 NW2d 697

I

My colleague says this is a matter of discretion. In a somewhat similar context, I wrote and others concurred:

"If we were to recognize a judge's personal view of a claim or defense as a valid reason for rejecting an amendment, we would find it difficult to explain why his personal view should not also be relevant in assaying a claim or defense raised in the initial pleading.

"An individual judge may not properly substitute his personal view of justice and sound public policy for the statutory, or common-law or court rule meant to apply." *Ben P Fyke & Sons v Gunter Co*, 390 Mich 649, 659–660; 213 NW2d 134 (1973).

*Fyke* is distinguished on the ground that it concerned amendment of a pleading and relevant Rule 118 does not expressly provide for the imposition of conditions, while Rule 520.4, concerning setting aside of defaults, does explicitly so provide. My colleague states, "[t]his difference is deliberate":

"Amendment of pleadings is for the most part intended to assure accuracy and completeness in the presentation of the whole controversy on its merits. No good purpose occurs to us to warrant imposing conditions for allowing it."

Yet he discusses, with seeming approval, an earlier opinion recognizing a judge's power to "impose just and reasonable terms as a condition precedent to the amendment". *Beecher v Wayne Circuit Judges,* 70 Mich 363, 369; 38 NW 322 (1888).

(1968) (statute of limitations); *Great Lakes Restaurants, Inc v Rumery Construction Co, Inc,* 23 Mich App 501, 506; 179 NW2d 36 (1970) (suspension of plaintiff's powers for failure to file annual report at time contract entered into).

*Similarily, see* 5 Wright & Miller, Fed Prac & Proc, § 1278, p 345.

Section 1 of the statute of amendments,[4] first enacted in 1846 and carried forward without substantive change to the Revised Judicature Act,[5] authorizes a trial court to allow prejudgment amendment of a pleading "for the furtherance of justice, on such terms as shall be just". This had been regarded as authorizing a judge to impose conditions when allowing an amendment.[6] The authorities are legion throughout the land that amendment of a pleading may be granted subject to conditions.[7]

FR Civ P, 15(a), the source of Rule 118,[8] similarly contains no express authorization for a trial

---

[4] "The court in which any action shall be pending, shall have power to amend any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein." RS 1846, ch 104, § 1.

[5] "The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties." MCLA 600.2301, MSA 27A.2301.

[6] *See Beecher v Wayne Circuit Judges,* 70 Mich 363, 368; 38 NW 322 (1888).

"In the exercise of its discretion, the court should also be able to prescribe conditions on which leave to amend will be granted, such as the time within which action must be taken, the method of trying issues interposed by the amendment, and the payment of expenses." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Authors' Comments, p 414.

[7] "While the trial court is vested with a broad discretion as to the allowance of amendments, such discretion should be exercised on terms which will prevent any unfair advantage to the party making the amendment and will avoid prejudice and injustice to the adverse party." 71 CJS, Pleading, § 306, p 690.

"Unless otherwise provided by statute, it is ordinarily the rule that a court, in its discretion, may grant the right to amend on such terms and conditions as, in the circumstances, are reasonable, or it may grant leave to amend unconditionally and without terms." 61 Am Jur 2d, Pleading, § 312, p 717.

[8] *LaBar v Cooper,* 376 Mich 401, 405; 137 NW2d 136 (1965); *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973).

judge to allow amendment of a pleading upon
conditions, while, as Professors Wright and Miller
write, "Rule 15(d) authorizes the court to permit a
supplemental pleading to be served 'upon such
terms as are just * * * '. The absence of a compa-
rable provision in Rule 15(a) has quite properly
been ignored; it clearly should not be interpreted
as preventing the court from imposing conditions
on a grant of leave to amend under that subdivi-
sion. The statement in Rule 15(a) that 'leave shall
be freely given when justice so requires'[9] presup-
poses that the court may use its discretion to
impose conditions on the allowance of a proposed
amendment as an appropriate means of balancing
the interests of the party seeking the amendment
and those of the party objecting to it. The imposi-
tion of terms often will further the rule's liberal
amendment policy. If the party opposing the
amendment can be protected by the use of condi-
tions from any possible prejudice that might result
from the untimeliness of the amendment, there is
no justifiable reason for not allowing it." 6 Wright
& Miller, Fed Prac & Proc, § 1486, pp 423–424.[10]

## II

My colleague sees rough or poetic justice in
relieving the road commission of its default only
on the condition that it not plead plaintiffs' "de-
fault" in failing timely to file the complaint. His
reasoning would permit a judge to refuse to allow
the defense of the statute of limitations whenever
a defendant fails timely to answer. The statute of
limitations could then be raised, by amendment or

[9] So in Rule 118.

[10] *Similarly, see* 3 Moore's Federal Practice, ¶ 15.08[6], p 935; *Parissi v Foley,* 203 F2d 454 (CA 2, 1953).

in a late-filed answer, only as an indulgence of the judge.

If it is sound public policy to allow the defense of statute of limitations only if it is raised in a timely-filed answer, we should not leave the matter to discretion. It would be better to amend the General Court Rules to provide that trial judge authority to allow pleading amendments and setting aside of a default does not extend to allowance of an amendment or late-filed answer which sets up the defense of statute of limitations. This unique exception to the general policy of encouraging the allowance of amendments and setting aside of defaults would be without viable precedent, but would be better than for allowance of the defense in such case to become a matter of judicial grace.

A judge may properly attach only those conditions necessary to prevent advantage to the tardy defendant and to relieve the plaintiff of prejudice attributable to defendant's delay in answering or in proferring his amended pleading. He may not attach a wholly irrelevant condition.

*Strauss v Douglas Aircraft Co,* 404 F2d 1152, 1158 (CA 2, 1968) illustrates both that whether a statute of limitations defense may be raised belatedly does not rest entirely in trial judge discretion and that the principle which should guide its exercise is avoidance of advantage to defendant and prejudice to plaintiff. There, had defendant timely raised this defense, plaintiff could have timely commenced his action elsewhere. The United States Court of Appeals held "that because of the substantial prejudice to Strauss caused by Douglas' excessive delay in raising the Statute of Limitations defense, the court below abused its discretion in permitting Douglas to amend its answer".

### III

The trial judge abused his discretion in this case because the condition he imposed bore no relationship to any adverse consequence suffered by the plaintiffs as a result of the road commission's default.[11] The condition does not restore the plaintiffs to the position they would have been in had the road commission timely answered, but, rather, places them in a vastly superior position. Default is not "a procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment obtained without the difficulty that arises from a contest by the defendant".[12]

The question now before us was presented in *Detroit v Wayne Circuit Judge,* 112 Mich 317, 319; 70 NW 894 (1897). The trial court, in setting aside the city's default, struck a notice, accompanying the city's plea, that it would defend on the ground that it had not received timely notice of injury. This Court reversed because once the judge determined that the city had a right "to make defense to the action, * * * it was not within his discretion to limit its defense in the manner set forth".

In the instant case, the trial court erroneously equated the "default" of the plaintiffs to commence their action against the road commission until 8 years after the accident with the default of the road commission in failing to answer within 20 days, a lapse it sought to rectify 14 days after entry of the default.

---

[11] The imposition of conditions facilitates the goal of a "meritorious determination of issues", *(Walters v Arenac Circuit Judge,* 377 Mich 37, 47; 138 NW2d 751 [1966]) by rectifying "any prejudice suffered by the nondefaulting party as a result of the default and the subsequent reopening of the litigation". 10 Wright & Miller, Fed Prac & Proc, § 2700, pp 350–351.

[12] 47 Am Jur 2d, Judgments, § 1152, p 184.

The statutes of limitations and procedures for default judgments serve different policies and purposes. Statutes of limitations are intended to "compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend"; "to relieve a court system from dealing with 'stale' claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured"; and to protect "potential defendants from protracted fear of litigation".[13]

Default procedures serve to "keep the dockets current", "to expedite the disposal of causes, thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim".[14]

The road commission's immediate effort to set aside the default fulfills the deterrent purpose of the default mechanism. After a short delay caused by inadvertence,[15] the case can move toward dispo-

---

[13] 51 Am Jur 2d, Limitation of Actions, § 17, pp 602–603.

[14] 47 Am Jur 2d, Judgments, § 1152, p 184. *See, also* 10 Wright & Miller, Fed Prac & Proc, § 2681, pp 245–251.

[15] GCR 1963, 520.4 states in pertinent part:

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 528."

The rule further limits the setting aside of a default, unless grounded on the absence of jurisdiction over the defendant, to instances where "good cause is shown and an affidavit of facts showing a meritorious defense is filed."

Satisfaction of the "good cause" requirement is generally accomplished by showing "(1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand". Authors' Comments, 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed) p 662.

The Clerk of the Board of Road Commissioners filed an affidavit asserting that the plaintiffs' complaint was served on him together with another complaint in an unrelated matter. The process server made no mention that there were two separate complaints and the

sition. The plaintiffs do not allege that the delay in any way impedes their ability to prove their claim.

In contrast, conditioning the setting aside of the default on waiver of the statute of limitations defense defeats the purposes of the time limitation. The road commission will be required to defend against a "stale claim", a claim of which it had no notice until eight years after the accident.

During this period, while the plaintiffs were presumably interviewing witnesses and gathering evidence for trial, the road commission may have passed up similar opportunities because it did not realize it had any exposure. Its ability to cross-examine the plaintiffs' witnesses and to have "a fair opportunity to defend" may have been impaired.[16]

The order of the trial court is reversed to the extent it precludes the road commission from asserting a defense and the cause is remanded for trial.

T. M. KAVANAGH, C. J., and SWAINSON and M. S. COLEMAN, JJ., concurred with LEVIN, J.

T. G. KAVANAGH, J. *(dissenting).* On November

---

clerk believed that the plaintiffs' complaint was just a duplicate of the other. He therefore "inadvertently failed" to forward plaintiffs' complaint to the insurance carrier resulting in the road commissions' failure timely to answer.

Plainly a judgment should not be entered against the road commission in consequence of this inadvertent failure to answer. The road commission has advanced a "reasonable excuse for failure to comply with the requirements which created the default" and should be given an opportunity to defend. The affidavit shows a meritorious defense, including the statute of limitations.

[16] *See Lud v Sammons,* 391 Mich 416, 418; 216 NW2d 778 (1974) where this Court affirmed the Court of Appeals' reversal of a trial judge's reinstatement of a case dismissed after it appeared on a no progress docket. The opinion of the Court noted that "the five and one-half years between the accident and the motion to reinstate would dim the memories of most of us".

20, 1964, plaintiffs were injured when their car, after hitting a tree that had fallen across the road, careened off the road into a drainage ditch and struck another tree.

On September 9, 1966, plaintiffs instituted suit against the Saginaw County Drain Commissioner and the Walravens.

On June 26, 1972, an order was entered adding as a defendant, the Board of County Road Commissioners. On August 8, 1972, the first amended complaint was filed and served on defendant road commissioners on August 11, 1972. The default of defendant road commissioners was entered on September 5, 1972 for failure to plead within 20 days.

The road commissioners moved to set aside the default and after a hearing the trial court issued an order setting aside the default on the condition that the road commissioners plead to the merits and not plead the statute of limitations defenses.

The Court of Appeals denied leave to appeal, but we granted leave to consider the single question of the propriety of the trial court's conditional order.

GCR 1963, 520.4 provides in part:

"Any order setting aside such default shall be conditioned upon the party against whom the default was taken paying the taxable costs incurred by the other party in reliance upon the default, except as prescribed in sub-rule 526.8. *Other conditions may be imposed as the court deems proper.*" (Emphasis added.)

The plaintiffs maintain that since the road commissioners did not present a reasonable excuse for the failure to comply with the requirements which created the default, they were not entitled to have the default set aside, and accordingly cannot complain about any reasonable condition the court might impose for granting their petition.

The defendant road commissioners assert that the conditions here—that they waive affirmative defenses based on any statute of limitation—are unreasonable. They cite, as authority for the proposition that it is an abuse of discretion to require such waiver, the cases of *Beecher v Wayne Circuit Judges,* 70 Mich 363; 38 NW 322 (1888); *Detroit v Wayne Circuit Judge,* 112 Mich 317; 70 NW 894 (1897); and *Clark v Beckenstein,* 210 Mich 323; 177 NW 960, (1920).

Of these cases, *Detroit* and *Clark* are concerned with setting aside defaults and *Beecher* is concerned with the amendment of pleadings.

In *Detroit v Wayne Circuit Judge, supra,* the Court said at 319:

"The court having determined that the city of Detroit had the right to make defense to the action, we think it was not within his discretion to limit its defense in the manner set forth."

It cited neither authority nor reason for its holding, and no reason to support it appears to us. That holding has been cited only in *Clark, supra,* and even there, as we read *Clark,* was not followed.

While *Beecher, supra,* was concerned with attaching conditions to the allowance of a motion for permission to amend pleadings, and its positions as authority on that question has been greatly weakened if not destroyed by overrulement *sub silentio* in *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973), it nevertheless set forth a standard to be used in determining the propriety of imposing conditions on the grant of a motion.

In *Beecher,* the Court said at 369:

"The inquiry for the court, when a motion for an

amendment is made, should be, is it in the furtherance
of justice to allow it? Will it better permit the party to
present his case or make his defense upon the merits?
And ought he now to be permitted to make such a case
or such a defense? And this statute in determining this
question should be construed liberally. This being judi-
cially determined, the court may impose just and rea-
sonable terms as a condition precedent to the amend-
ment."

In an area where it is contemplated that condi-
tions may be imposed, this establishes an appropri-
ate standard for imposing them. It seems to be the
standard used by the Federal courts in testing
discretion exercised under Rules 55(c) and 60(b),
Federal Rules of Civil Procedure, which were the
model for our GCR 1963, 520.4. See *Bridoux v
Eastern Airlines, Inc,* 93 US App DC 369; 214 F2d
207 (1954). Also see 3 ALR Fed 956 and the cases
cited therein.

This appears to be the standard used by the trial
judge here. In his opinion explaining his ruling,
after concluding the affidavit of facts was defec-
tive, Judge Armstrong said:

"The Board of Road Commissioners goes on to point
out that it also wants to raise as meritorious defenses
the two year and three year statutes of limitations
pertaining to tort actions against the Board of Road
Commissioners and to tort actions generally. The Board
of Road Commissioners is saying that the Plaintiffs are
in default of filing their action against the Board of
Road Commissioners within the two year and three
year statutes of limitations. The plaintiffs claim that
had it not been for the now unconstitutional sixty day
limitation for the giving of notice of intent to file suit
against the Board of Road Commissioners and the
plaintiffs' ignorance of that requirement, that they
would have filed their action against the Board of Road
Commissioners before the expiration of the two year
limitation statute for such actions.

"So now we have a situation where the plaintiffs were in default and where the defendant Board of Road Commissioners is now also in default. Both the plaintiffs and said defendants now are asking the Court to permit them to raise meritorious defenses against each other. If the default of the Board of Road Commissioners is set aside without conditions imposed upon their defense, they will be in the unique position of now being able to raise the prior default of the plaintiffs in failing to file an action within the statutes of limitations and the plaintiffs will no longer have the advantage or the benefit of the defendant Board of Road Commissioners' present default. In view of the defaults of both parties it would seem that such a result would be neither equitable nor just insofar as plaintiffs are concerned. Any old default through ignorance on the part of the plaintiffs is certainly no greater a default then *[sic]* the present default of the defendant Board of Road Commissioners, particularly in view of their inadequate affidavit of facts and affidavit of merits."

We do not regard the considerations which moved the majority of us in *Fyke, supra,* as controlling here. GCR 1963, 118 does not provide for the imposition of conditions. GCR 1963, 520.4 does. This difference is deliberate.

Amendment of pleadings is for the most part intended to assure accuracy and completeness in the presentation of the whole controversy on its merits. No good purpose occurs to us to warrant imposing conditions for allowing it.

Default rules are intended to keep a case moving to conclusion and the rule provides for the imposition of costs and other conditions as sanctions to make the rules effective. GCR 1963, 520.4.

We think the true intent of GCR 1963, 520.4 and the better practice is to commit the matter to the discretion of the trial judge. Unless a reviewing court can say that the judge abused his discretion

by imposing a wholly arbitrary and unreasonable condition, the trial judge's decision should stand.

In this case the trial judge concluded that since each of the parties in turn had failed to meet an arbitrarily established deadline for pleading neither should be entitled to take advantage of the other's delinquency, but rather both should try the case on its merits. We cannot say that this is an arbitrary or unreasonable attitude, and accordingly we hold that he did not abuse his discretion in establishing the condition for the setting aside of the defendant's default.

Affirmed with costs to plaintiffs.

WILLIAMS, J., concurred with T. G. KAVANAGH, J.

J. W. FITZGERALD, J., did not sit in this case.