## CLARK *v.* BECKENSTEIN.

1. CONTRACTS—SEVERABILITY.
   Where plaintiffs entered into a contract with defendant for the construction of a sewer and water system and conveyed certain lots to defendant as security for the payment of said contract, a provision in said contract that if defendant did not complete said work he should reconvey said lots to plaintiffs and they would pay him for what he had done, *held*, to render the contract severable.

2. VENDOR AND PURCHASER—LAND CONTRACTS—DEFAULT—EQUITY.
   Where plaintiffs entered into a contract with defendant C. for the construction of a sewer and water system, giving their notes for the payment of same, and conveying by warranty deed certain lots as security on which they took back a land contract, which deed was recorded but the land contract was not, and on failure of C. to complete the work and of plaintiffs to pay therefor, C. conveyed the lots to defendant B. who relied upon the record title and parted with a valuable consideration, the decree of the court below, in a suit to enjoin the foreclosure of said land contract, that said lots be reconveyed to plaintiffs on their paying to B. the amount actually due him, and that they have relief against C. for the amount so paid, is modified on appeal, by allowing C. the sum of $4,400 as the value of the work and material furnished by him, and decreeing that he pay to plaintiffs the difference between said sum and the amount they pay to B.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted April 26, 1921. (Docket No. 54.) Decided June 6, 1921. Rehearing denied July 19, 1921.

Bill by D. Adelbert Clark and another against Joseph B. Beckenstein and Walter H. Clark to enjoin summary proceedings before a commissioner, and for an accounting. From the decree rendered, plaintiffs and defendant Clark appeal. Modified and affirmed.

*Frank A. Stivers* (*John R. Rood,* of counsel), for plaintiffs.

*Baubie & Baubie,* for defendant Clark.

*William Henry Gallagher,* for defendant Beckenstein.

BIRD, J. This case has been in this court before. It is reported in 210 Mich. 323. A reading of the opinion there mentioned will be helpful. In the opinion is the following language:

"We are also impressed that if defendant Clark is to be permitted to make a defense, we ought not to review plaintiff's appeal until the whole controversy is before us. In view of these impressions, we have concluded to set aside that part of the order imposing the condition of opening default on condition that he file with the trial court a bond conditioned to pay any costs which may be finally adjudged against him in the litigation, and to order the record remanded to the trial court for such additional testimony as the parties may desire to offer, subject to the rules and practice of the court. The question of costs of this proceeding will be reserved until the final hearing."

The case was remanded to the court below and again heard. At the beginning of the taking of the testimony, the following occurred:

"Before any testimony was taken, Mr. Beckenstein addressed the court saying that he wished to know whether the plaintiffs desired to put in further proofs affecting the rights of defendant Beckenstein, and saying that if they did not, he felt it was unnecessary for him to attend the hearing further. After some discussion it was agreed in open court that the testimony should be confined to the right and liability between the plaintiffs and the defendant Walter H. Clark, and that the defendant Beckenstein be eliminated upon the hearing."

So far as the defendant Beckenstein is concerned the case is here upon the record as made when the case was here before.

It was the contention of Walter H. Clark that he started the work as soon as the papers were signed and worked steadily until August, 1918, when he was compelled by plaintiffs to stop work, due to their failure to furnish the electric wiring which prevented him from testing the water mains, which test for leaks should be made of all water mains before the same are covered with earth. That plaintiffs never made any complaint until the bill was filed in this cause and that they were in default on their payments, and that plaintiffs have never declared the contract forfeited, nor have they served him notice to complete the work, at any time, and that the contract is still in force. It is the further claim that Walter H. Clark is ready and willing to make the test and to complete the work just as soon as the plaintiffs furnish this electric wiring.

It was the claim of the plaintiffs that what work was done was not according to the contract; that the sewer pipe was not buried deep enough, that it was not laid in a straight line but ran around stumps, that the pipe was not laid on a grade and could not be connected at the outlet properly. That the pipe was not covered, that the work was abandoned in June or July, and that what had been done was of no value whatever. It is also the claim of the plaintiffs that defendant Beckenstein stands in the place of defendant Walter H. Clark, and that he should not have had any relief in the decree.

After the evidence was in and arguments had, the court expressed himself in part as follows:

"The court finds and determines that said contract in its aim, scope and purpose was entire, indivisible and not severable.

"That the said defendant Walter H. Clark breached his contract in essential and controlling features and that the work, labor and materials furnished by him are of no substantial benefit to plaintiffs.

"That the cross-bill of defendant Walter H. Clark be dismissed, and that the decree of the court in favor of plaintiffs and against defendant Walter H. Clark be re-entered in form and substance as heretofore embodied in the original decree."

The original decree held that defendant Beckenstein was a *bona fide* purchaser and should be paid $6,000 and that if the plaintiffs paid this amount they should recover it against Walter H. Clark. The plaintiffs and Walter H. Clark both appeal. As between the plaintiffs and Walter H. Clark the deed and the three contracts of the same date constitute the arrangement between them.

When the trial court held that the contract was entire and not severable we think he overlooked the following provision:

"It is further agreed and understood that should said Walter H. Clark, for any reason or other, fail to complete all or any part of the work hereby undertaken, he will reconvey to said D. Adelbert Clark and Jose W. Farrington the deed to the above mentioned ninety lots, and said D. Adelbert Clark and Jose W. Farrington is to pay to said Walter H. Clark the amount due for work done by him."

The record is clear that defendant Clark failed to complete the contract. By the commencement of this proceeding plaintiffs seek to have the premises reconveyed to them. When the bill of complaint was filed they evidently had in mind the provision of the contract which we have quoted, for in the bill of complaint is the following language:

"Another contract was entered into at the same time whereby it was agreed that should said Walter H. Clark for any reason fail to complete all the work * * * he would reconvey * * * to the plaintiffs. Whereupon they should pay to him the amount due him for the work up to that time performed."

We quote further from the bill of complaint: "but being uncertain of their exact rights and liabilities said plaintiffs hereby offer and stand ready and willing to abide and perform any decree which this court may deem equitable and just in the premises." In the prayer for relief is the following: "that the court * * * ascertain and determine to what extent, if at all, and to whom these plaintiffs are indebted by reason of the work performed by the said Walter H. Clark," etc.

The difficulty we find in disposing of this branch of the case grows out of the very conflicting testimony. Testimony was given on the part of the plaintiffs that what was done was of no value to them. Testimony of a different character was offered on the part of defendant Clark. Some facts are clearly established, one is that Clark did not complete the contract. *Second,* that what he did was not done in a workmanlike manner, and *third,* that 2,600 feet of water main was put in under the contract, that the sewer crocks for nearly the entire length of the sewer are in the trenches, and that other work was done and material furnished. Under the paucity of the proofs we can only approximate what under the circumstances equity requires should be done. It is our conclusion that defendant Clark leave all material and work as it is, and that plaintiffs allow him therefor $4,400.

We now reach the question as to what shall be done with the defendant Beckenstein. At the outset it should not be forgotten that while defendant Walter H. Clark put his deed upon record plaintiffs did not put any of their three contracts on record. See 3 Comp. Laws 1915, §§ 11712, 11721.

The record shows that before dealing with Walter H. Clark, Mr. Beckenstein looked over the abstract and records and his testimony is that the only knowledge he had of the transaction was what was dis-

closed by them, and by the contents of the deed and the one land contract, which was assigned to him, and that he had no knowledge of the contents of the other two contracts.

The record also discloses that he had a second mortgage on a piece of property owned by Walter H. Clark, but not involved in this proceeding, which he had foreclosed, though the period of redemption had not expired. There was due on this mortgage $11,775.12. Mr. Walter H. Clark had put a $600-mortgage on the property involved here, which mortgage Mr. Beckenstein assumed. Mr. Clark then caused to be paid to Mr. Beckenstein $6,375.12, and Mr. Beckenstein discharged the second mortgage. We think the trial court was justified in rendering a decree in favor of defendant Beckenstein, and that Walter H. Clark should pay to the plaintiffs the difference between what they pay to Mr. Beckenstein and the $4,400 before mentioned. Defendant Clark will recover costs against plaintiffs as will defendant Beckenstein.

The case is affirmed as to defendant Beckenstein and modified as to the other parties.

A decree may be entered in accordance with this opinion.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred. MOORE, J., did not sit.