LUD v SAMMONS

Opinion of the Court

1. Dismissal and Nonsuit—Reinstatement of Action—Prejudice—Relief from Judgment or Order—Court Rules.

A plaintiff's motion for reinstatement of a suit for damages arising from an automobile accident was not timely brought where the suit was filed about one year and three months after the accident, the action was dismissed about three years after the accident, and plaintiff filed the motion to reinstate the suit approximately two years and ten months later; on the face of the record, plaintiff's failures to move his claim forward cannot now be condoned without great prejudice and possible irreparable harm to the defendants, one key witness is dead and the five and one-half years between the accident and the motion to reinstate would dim the memories of most of us; and also, defendants have understandably destroyed the file and would be at a disadvantage in trying to reconstruct it; the court rule regarding relief from judgment or order does not apply in the instant matter (GCR 1963, 528).

Dissenting Opinion

T. G. Kavanagh and Levin, JJ.

2. Dismissal and Nonsuit—Lack of Progress—Reinstatement of Action—Court Rules—Relief from Judgment or Order—Discretion.

*Court rule regarding relief from judgment or order does not limit a judge's power to reinstate a cause dismissed for lack of progress; some motions for reinstatement should be clearly granted, and some should as clearly be denied; most cases will be doubtful and those cases are addressed to the discretion of the trial judge and in exercise of his discretion he must con-*

References for Points in Headnotes
[1, 2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 80–83.
Reinstatement, after expiration of term, of case which has been voluntarily withdrawn, dismissed, or nonsuited, 111 ALR 767.

*sider many factors, including the timeliness of the application
(GCR 1963, 528).*

Appeal from Court of Appeals, Division 2, Quinn, P. J., and J. H. Gillis and T. M. Burns, JJ., reversing Ingham, Jack W. Warren, J. Submitted December 5, 1973. (No. 4 December Term 1973, Docket No. 54,572.) Decided April 16, 1974.

44 Mich App 200 affirmed in part and reversed in part.

Complaint by Frank J. Lud against Billy G. Sammons and Phyllis D. Sammons for damages arising from an automobile accident. Action dismissed for lack of progress, and reinstated on plaintiff's motion. Defendants appealed to the Court of Appeals. Reversed. Plaintiff appeals. Affirmed in part and reversed in part.

*William B. Wreford,* for plaintiff.

*Foster, Lindemer, Swift & Collins,* for defendants.

M. S. COLEMAN, J. This is the framework of the litigation. Plaintiff filed suit one year and three months after the accident. After the cause of action was dismissed (about three years after the accident), plaintiff filed a motion to reinstate approximately two years ten months later. This totals five years and nine months between the accident and the motion for reinstatement. The statute of limitations for such cases is three years, but was tolled while suit was pending and before dismissal. MCLA 600.5805(7); MSA 27A.5805(7). It is now over eight years since the accident.

On the face of this record, plaintiff's failures to move his claim forward cannot now be condoned

without great prejudice and possible irreparable harm to the defendants. One key witness is dead and the five and one-half years between the accident and the motion to reinstate would dim the memories of most of us. Also, defendants have understandably destroyed the file and would be at a disadvantage in trying to reconstruct it.

Contrary to the holding of the Court of Appeals, GCR 1963, 528 does not apply in the instant matter. It is our opinion that the motion for reinstatement was not timely brought.

The Court of Appeals is affirmed in part and reversed in part.

T. M. KAVANAGH, C. J., and SWAINSON and WILLIAMS, JJ., concurred with M. S. COLEMAN, J.

T. G. KAVANAGH, J. *(dissenting).* We agree that GCR 1963, 528 (Relief from Judgment or Order) does not limit a judge's power to reinstate a cause dismissed for lack of progress.

Some motions for reinstatement should clearly be granted, and some should as clearly be denied. Most cases will be doubtful and those cases are addressed to the discretion of the trial judge.

In the exercise of his discretion he must consider many factors, including the timeliness of the application.

The trial judge in this case in a thoughtful opinion recognized the parameters of his discretion and carefully treated the competing consideration.

We are not persuaded he abused his discretion.

We would reverse the Court of Appeals and affirm the trial judge's order of reinstatement.

LEVIN, J., concurred with T. G. KAVANAGH, J.

J. W. FITZGERALD, J., did not sit in this case.