HEINS v SUTPHIN

Opinion of the Court

1. Appeal and Error—Reinstatement of Case—Dismissal for Lack of Progress—Justification for Denial.

Appellate review of a trial court's denial of a motion for reinstatement of a case that had been dismissed for lack of progress is limited to the determination of whether there was any justification for the lower court's decision.

2. Appeal and Error—Reinstatement of Case—Denial of Reinstatement—Factors Considered.

Factors to be considered when reviewing a trial court's denial of reinstatement of a case which had been dismissed for no progress are: (1) whether the opposing party had an equal right to notice the case for trial; (2) whether the failure to praecipe was deliberate or unexplained; (3) whether the plaintiff had been prosecuting the case with due diligence; and (4) whether the defendant was actually prejudiced by a delay attributable to the plaintiff.

3. Dismissal and Nonsuit—Dismissal for Lack of Progress—Reinstatement of Case.

A case which has been dismissed for lack of progress should be reinstated upon motion of the plaintiff where the defense was on notice that the case was on the no progress docket but the published notice thereof had a misspelling in the name of plaintiffs' attorney, defendant could have noticed the case for trial, an at issue praecipe had been filed, plaintiff's substituted attorney was pursuing the case with diligence, and defendant does not appear to have been prejudiced because the witnesses have been deposed, thus preserving their testimony.

References for Points in Headnotes
[1, 4] 5 Am Jur 2d, Appeal and Error § 955.
[2] 4 Am Jur 2d, Appeal and Error § 17.
[2, 3] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 84, 89.
[5] 24 Am Jur 2d Dismissal, Discontinuance, and Nonsuit § 80.

                 Dissent by V. J. Brennan, P. J.

4. See headnote 1, *supra.*

5. Dismissal and Nonsuit—Motions—Reinstatement of Case—
    Timeliness of Motion—Delay—Justification for Denial.
    *A motion for reinstatement of a case which has been dismissed
    for lack of progress should be timely brought, and a delay of
    nearly 18 months between dismissal and the filing of a motion
    for reinstatement is, by itself, sufficient justification for denial
    of the motion.*

Appeal from Wayne, Harry J. Dingeman, Jr., J.
Submitted April 11, 1977, at Detroit. (Docket No.
28454.) Decided July 6, 1977.

Complaint by David Heins and Thomas W.
Heins against Donnie J. Sutphin for damages re-
sulting from an automobile accident. Case dis-
missed for lack of progress. From a denial of their
motion for reinstatement, plaintiffs appeal by
leave granted. Reversed and remanded.

*Paul A. Longton,* for plaintiffs.

*Garan, Lucow, Miller, Lehman, Seward &
Cooper, P. C.,* for defendant.

Before: V. J. Brennan, P. J., and J. H. Gillis
and D. C. Riley, JJ.

D. C. Riley, J. Plaintiffs appeal, by delayed leave
granted, an order of the Wayne Circuit Court
denying reinstatement of their cause of action
which had been dismissed for lack of progress. We
adopt the recitation of facts as outlined in the
dissent.

Plaintiffs contend the lower court abused its
discretion in denying reinstatement. We agree.
Even though appellate review is limited to the
determination whether there was any justification

for the lower court's decision, *Heaney v Verson Allsteel Press Co, Inc,* 64 Mich App 597; 236 NW2d 155 (1975), we find no rational basis to support the denial of reinstatement.

*Heaney, supra,* suggests the following factors as relevant:

(1) Whether the opposing party had an equal right to notice the case for trial;

(2) Whether the failure to praecipe was deliberate or unexplained;

(3) Whether plaintiffs had been prosecuting the claim with due diligence; and

(4) Whether defendant was *actually* prejudiced by a delay attributable to plaintiffs.

In the present case, factor (1) clearly tilts in plaintiffs' favor. The published notice did inform defense counsel that the case was on the no progress docket. Hence any delay caused by the dismissal for lack of progress could have been rectified by the defendant. See WCCCR 1970, 9.8, prior to its amendment on November 7, 1973.

Factor (2) does not apply since an at issue praecipe was filed. At any rate, plaintiffs' failure to inform the court that the praecipe had been filed is explained by the erroneously published notice which misspelled the name of plaintiffs' prior counsel. Of course, plaintiffs cannot be held accountable for a typographical error over which they had no control.

Factor (3), the degree of diligence, also supports plaintiffs. It appears that Longton, plaintiffs' fourth attorney, was prosecuting the case with due diligence: he filed a motion for mediation, interrogatories to defendant, and a deposition.

Finally, factor (4), the degree of actual prejudice, similarly leans favorably toward plaintiffs. It does not appear that defendant has been prejudiced.

Defendant did note in his objection to plaintiffs' motion for reinstatement:

"Witnesses will have died or moved, medical records will have been destroyed or lost, memories will have become distant and in general the defendant has been put at a definite disadvantage by this incredible delay all accomplished due to the plaintiff[s'] misfeasance."

However, these allegations appear to be nothing more than a parade of possible but not actual horribles. In fact, the witnesses had already been deposed, thus preserving their testimony.

It may well be that the court took into consideration the prior dismissal for no progress. However, even if so, the trial court should not have penalized plaintiffs for the earlier dismissal since in previously ordering reinstatement the court noted that the "failure to take the steps for proceedings in said action were not due to plaintiffs' fault or lack of responsible diligence".

Thus we conclude, after careful review of the record, that the lower court abused its discretion in refusing reinstatement. The court is directed to reinstate plaintiffs' suit. So ordered.

Reversed and remanded.

J. H. GILLIS, J., concurred.

V. J. BRENNAN, P. J. *(dissenting).* The facts in this matter are as follows: Plaintiffs sought appeal from an order of Wayne County Judge Harry Dingeman, Jr., dated March 19, 1976, denying the reinstatement of their cause of action, which had been dismissed for lack of progress on October 15, 1974. The case arose originally from an action for negligence concerning an auto accident and was commenced on behalf of plaintiffs by the law firm

of Ripple and Chambers on November 2, 1971. Defendant answered November 19, 1971. Attorney Joseph Mancini was substituted as counsel for plaintiffs on January 17, 1972. On October 10, 1972, the cause was dismissed for lack of progress, though the record shows an at issue praecipe filed on October 5, 1972. Nonetheless, the cause was reinstated September 21, 1973. Shortly thereafter, on October 10, 1973, attorney Edward A. Alice filed an appearance as attorney for plaintiffs. This appearance was followed on November 8, 1973, by a notice of substitution of present counsel, Paul A. Longton, for attorney Alice.

Pursuant to Wayne County Circuit Court Rule 17, the Wayne County court placed this cause on the no progress calendar for October, 1974, which was published in the Detroit Legal News on September 30, 1974. The published notice listed plaintiffs' counsel as Joseph Maneine (sic). Subsequently, on October 15, 1974, Judge Dingeman ordered the cause dismissed for lack of progress.

Counsel for plaintiffs filed a motion to reinstate the cause March 1, 1976, alleging that although notice of its placement on the no progress docket was published in the Detroit Legal News, the wrong name was published as plaintiffs' attorney. Defendant filed an objection to the motion for reinstatement, answering that Longton's name was not published as plaintiffs' attorney because of his failure to notify the assignment clerk of his substitution as required by Wayne County Circuit Court Rule 9.10.

Judge Dingeman denied the motion for reinstatement by order dated March 19, 1976. Plaintiffs thereupon attempted to file a claim of appeal in this Court, which was rejected by the clerk's office on the ground that the motion to reinstate

had not been filed within 20 days of the order dismissing for lack of progress as required by GCR 1963, 803.1. We granted plaintiffs' motion for delayed appeal.

Plaintiffs contend that the trial court, in presently denying reinstatement, erred because the case had been dismissed erroneously in October, 1972 and because the no progress notice published on September 30, 1974 had not correctly listed the name of plaintiffs' attorney. Defendant contends the trial judge did not abuse his discretion in refusing to grant reinstatement, where the request was made almost 18 months after the order of dismissal.

I might note at the outset that some confusion exists in the record regarding the actual date of filing the at issue praecipe of October, 1972. However, I find the case was subsequently reinstated on September 25, 1973, thereby minimizing any prejudice as to the present appeal. Further, though plaintiffs' point seems arguable concerning the misnaming of their attorney in the September 30, 1974, publication notice, I cannot characterize the court's decision as an abuse of discretion.

Our scope of review on appeal is limited in such cases to a simple determination of whether any justification for the lower court's decision existed. *Heaney v Verson Allsteel Press Co, Inc,* 64 Mich App 597, 598–599; 236 NW2d 155 (1975). I am convinced there was justification for the trial court's ruling to deny reinstatement.

I would contend that the length of time between the dismissal of October 15, 1974, and the motion to reinstate on March 1, 1976, is sufficient justification alone for the trial court's denial of reinstatement, even recognizing that GCR 1963, 528 does not place a time limitation on when a judge may

order reinstatement of a cause dismissed for lack
of progress. I feel such motions should be timely
brought, and I cannot fault the trial judge for
believing this motion untimely made. *Lud v Sammons*, 391 Mich 416, 417–418; 216 NW2d 778
(1974). Furthermore, I would argue that some
justification existed for finding prejudice to defendant's case in this matter. Defendant noted in his
objection to plaintiff's motion for reinstatement:

"Witnesses will have died or moved, medical records
will have been destroyed or lost, memories will have
become distant and in general the defendant has been
put at a definite disadvantage by this incredible delay
all accomplished due to the plaintiff [s'] misfeasance."
See *Lud v Sammons, supra* at 417–418.

Consequently, while some of the factors mentioned in *Heaney* fall on plaintiffs' side of this
case, I also find evidence distinguishing this case
from *Heaney*. Certainly, enough ascertainable
facts exist that plaintiffs' delay was without justification to sustain the trial court's decision to deny
reinstatement.

I would affirm.