BOYD v ST LAWRENCE COMMUNITY MENTAL HEALTH CLINIC

Docket Nos. 47950, 50682. Submitted June 17, 1980, at Lansing.— Decided October 8, 1980. Leave to appeal applied for.

Raymond Boyd committed suicide shortly after having received counseling at the St. Lawrence Community Mental Health Clinic. Rubin Boyd, administrator of the estate of Raymond Boyd, brought an action in Wayne Circuit Court against the clinic for malpractice. Venue was later changed to Ingham Circuit Court, where the case was subsequently dismissed for no progress. Plaintiff's motion to reinstate the case was denied, Ray C. Hotchkiss, J. Rather than appeal, plaintiff filed a second complaint. The court granted accelerated judgment for defendant on the basis of the running of the statute of limitations. Plaintiff appealed from the accelerated judgment, then filed for leave to appeal from the denial of the earlier motion for reinstatement and a motion for consolidation of the appeals. Leave to appeal and the motion to consolidate were both granted. *Held:*

1. The motion for reinstatement was improperly denied. There was some confusion caused by the change of venue, there was a fair amount of activity prior to the case's being placed on the no progress docket, defense counsel had not indicated how his case had been prejudiced by the delay, and neither party had requested a pretrial conference. Under the circumstances a less drastic measure than dismissal was warranted.

2. The issues raised in the appeal from the accelerated judgment are rendered moot by the reinstatement of the action.

The accelerated judgment is vacated. The denial of reinstatement is reversed, the case remanded, and the trial court directed to reinstate the action.

PRETRIAL PROCEDURE — DISMISSAL — NO PROGRESS — REINSTATEMENT OF CASE.

A plaintiff's motion for reinstatement of a case which had been dismissed for lack of progress was improperly denied where the record reflects a fair amount of activity between the parties

REFERENCE FOR POINTS IN HEADNOTE
[1] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 88, 89.

prior to the case's being placed on the no progress docket, where defense counsel had not indicated how his case had been prejudiced by delay, and where neither party had demanded a pretrial conference; in such circumstances a less drastic measure than dismissal was warranted.

*Barr & Walker,* for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Craig R. Noland),* for defendant.

Before: M. F. CAVANAGH, P.J., and D. E. HOLBROOK, JR. and J. H. PIERCEY,* JJ.

PER CURIAM. Raymond Boyd attempted suicide in Lansing on August 27, 1975, and was referred to the defendant clinic where he was counseled and released. Shortly thereafter, he committed suicide. Rubin Boyd, as administrator of his estate, filed suit for malpractice against defendant in Wayne County Circuit Court on August 8, 1977. Venue was changed by stipulation to Ingham County Circuit Court.

The case was placed on the no progress docket and dismissed on March 1, 1979. Plaintiff moved to reinstate the case, but after a hearing the motion was denied by order of May 11, 1979.

Because plaintiff's counsel calculated that the statute of limitations had not yet run, he decided to file a second complaint on May 23, 1979, rather than appeal the case which had been dismissed. Defendant successfully moved the same trial court for accelerated judgment on the basis of the statute of limitations having run, prompting plaintiff to pursue an appeal by right.

Subsequently, plaintiff applied to this Court for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

delayed appeal from the denial of his motion to reinstate his original complaint. At the same time he moved this Court to consolidate the two appeals in the event that the application was granted. Both the application and the motion in this Court have been granted.

At the motion hearing for reinstatement plaintiff's attorney explained that it was his partner who had stipulated to a change of venue, and, while the court had sent them notice of the change of venue, there was no court order to that effect. Furthermore, the lack of such order frustrated the filing system of the office staff, who assumed that the case was still in Wayne County and who, accordingly, had filed case-related documents in Wayne rather than Ingham County.

The record reflects a fair amount of activity between the parties prior to the case's being placed on the no progress docket, including interrogatories from defendant, medical authorizations for records from plaintiff and correspondence concerning settlement possibilities. Neither on appeal nor at the reinstatement hearing did defense counsel indicate how his case had been actually prejudiced by the delay in the proceedings. Moreover, we note that under the local circuit court rules for Ingham County either party may initiate a demand for a pretrial conference, yet it appears that no such demand was made. And finally, although we share and appreciate the lower court's concern for an efficient administrative schedule—as evidenced by the court's recital of the maxim that the law aids the diligent and the vigilant, not the negligent—we are persuaded that a less drastic measure, such as an imposition of costs for delay, was warranted in this matter. *Heaney v Verson Allsteel Press Co, Inc,* 64 Mich App 597; 236

NW2d 155 (1975), *Heins v Sutphin,* 76 Mich App 562; 257 NW2d 169 (1977).

Given our ruling that the motion for reinstatement was improperly denied, the issues which plaintiff addresses in his appeal by right from the defendant's accelerated judgment are now moot. The judgment of the lower court granting accelerated judgment to the defendant is vacated, and the lower court is directed to reinstate plaintiff's suit. So ordered.

Reversed and remanded.